15588

LEMMON *ET AL.* v. WILSON *ET AL.*

(28 S. E. (2d), 792)

November, 1942.

54

*Messrs. Epps. & Epps,* of Conway, S. C., Counsel for Appellant,

*Mr. George D. Levy, Mr. S. K. Nash, Mr. A. S. Merri-mon,* and *Mr. L. E. Purdy,* all of Sumter, S. C., Counsel for Respondents other than Martha W. Graham and Thomas Wilson, Jr.,

*Mr. M. M. Weinberg,* of Sumter, S. C., Counsel for Respondents Martha W. Graham and Thomas Wilson, Jr.,

January 24, 1944.

*Per Curiam:*

The circuit decree which is the subject of this appeal has been carefully considered in the light of appellant's exceptions and the earnest argument of his able and industrious counsel, and we find it satisfactory. It will be published and is adopted as the judgment of this Court except in one particular, wherein it is modified as will now be fully set forth.

An issue in the contest was whether income paid to Mary Wilson Peatross during the last year of her life from the large trust estate, the subsequent destination of which furnishes the main issue in the litigation, was properly so paid or must now be refunded by Mary's executor, or whether, as claimed by him, he is entitled to the full income, paid and unpaid but accrued for the "trust year" in which she died.

The report of the highly respected Master of Sumter County, the Honorable Hugh C. Haynesworth, is not prosaic as such documents usually are, but on the contrary is full of wit and wisdom, as well as sound and reasoned law. However, we think it contains one erroneous conclusion, relatively very small; it is the subject of pertinent exceptions and should, and will, be corrected.

The learned Master held that Mary Wilson Peatross was entitled to the income from the trust fund annually from the date of the death of her mother, Mrs. Wilson, and that she and her estate had no right to the income accruing after the last anniversary of the death of her mother, although, of course, income accrued during the year of the death of Mrs. Peatross and, indeed, several thousand dollars of income which accrued and was collected between the last anniversary of the death of Mrs. Wilson and the death of Mrs. Peatross was paid to the latter. This holding was emphasized for it was contained in a supplementary report, apparently having been overlooked by the Master in his main report. Several exceptions to the latter involved the question but it was similarly left out of consideration by the trial Judge although he expressly mentioned it in the beginning of his decree, adopted as the judgment of this Court with the modification here treated, or it might be said addition rather than modification, for consideration of it was omitted in the decree, as has been stated. But the general, *pro forma* confirmation of the Master's report carried with it decision of the point on circuit, adverse to appellant.

The words of the will created an annuity for the life support of the beneficiary, Mrs. Peatross. Such is ordinarily apportionable to the date of the death of the annuitant. *Cullum v. New York Life Ins. Co.,* 197 S. C., 6, 14 S. E. (2d), 361, 135 A. L. R., 867, and earlier decisions there cited.

However, Thomas Wilson, the testator, evidently did not so fully intend for he said in paragraph 3 of Item III of his will, in the event that Mary should die without surviving issue, which happened, that the principal sum of the trust "and any accretions and unexpended income" should be distributed as he set forth. This is plain, and "unexpended income" was such as may have accrued at the time of Mary's death but had not been paid to her by the trustees. The result is, not that Mary's estate is entitled to accrued income not paid to her in her lifetime, as contended by appellant, but, on the other hand, the estate of Mary is not obligated to refund income from the trust estate paid to her in her lifetime.

With the modification stated, the judgment of the Circuit Court is affirmed and the decree so stands adopted as the judgment of this Court.

MR. CHIEF JUSTICE BAKER, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.