## 21212

Katherine Nain STONE, Respondent, v. Harry David STONE, Appellant.

(266 S. E. (2d) 70)

---

*Harry David Stone, pro se.*

*Peter D. Hyman,* Florence, *for respondent.*

April 30, 1980.

GREGORY, Justice:

This *pro se* appeal is from an order of the family court denying appellant Harry David Stone's motion for a modification of its previous unappealed order equitably dividing the parties' marital property. Assuming, without deciding, the family court possessed the authority to entertain the motion for modification, we find no error and affirm.

The parties, wife and husband, are the sole shareholders of Stone's Pharmacy, Inc. Appellant contends the family court erred in calculating the value of the pharmacy and thus the consideration for transferring respondent Katherine Nain Stone's ten percent interest in the business to appellant. In essence, appellant argues he was ordered to pay too much for respondent's share of the pharmacy based on its net worth reflected by the 1977 corporate tax return.[1] Where, as here, the matter of disposition of the marital property is voluntarily submitted to the family court, it may employ any reasonable means to effectuate an equitable division. *Taylor v. Taylor,* 267 S. C. 530, 229 S. E. (2d)

---

[1] The family court's prior unappealed order referred to the total assets figure on the return as the net worth of the pharmacy.

852 (1976). After hearing the testimony of appellant's accountant on the value of the business, the family court refused to modify, finding its calculation of the pharmacy's true worth equitable. This exception is without merit.

Appellant also takes exception to the family court's refusal to modify that portion of its order requiring the parties to evenly divide a jointly held certificate of deposit. He argues there was no evidence the joint certificate was still in existence the date of the hearing, June 22, 1978, and in fact was not. If appellant is correct, we fail to see how he is prejudiced since the order does not require him to pay respondent one-half of the value of a nonexistent certificate. Appellant is to pay respondent one-half of the value only if it existed June 22, 1978, the date of the hearing.

Other exceptions raised by appellant concerning a prior agreement of the parties and the award of attorney's fees in the unappealed order should have been taken by direct appeal from the previous order and were not treated by appellant's motion for modification. Thus, they are not properly before us and are not considered on this appeal.

The order on appeal is affirmed.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

HARWELL, J., not participating.