21625

Linda M. BURGESS, Appellant, v. Joseph C. BURGESS, Respondent.
(286 S. E. (2d) 142)

---

■■■■■■■■■■■■■■■■■■■■■■■■■

*Julius B. Aiken, Greenville,* and *John B. Duggan,* Greer, *for appellant.*

*B. O. Thomason, Jr.,* Greenville, *for respondent.*

January 12, 1982.

NESS, Justice:

This is a domestic action. The parties were granted a divorce on the statutory grounds of one year's separation. Section 20-3-10(5) S. C. Code (1976). Appellant wife was awarded $10,000 equitable division of the marital real property and was denied alimony. She asserts the trial court erred in determining the value of her interest in the marital property and in denying her alimony. We agree and reverse.

■ A wife is entitled to a special equity in the husband's property acquired during coverture where the wife has made a material contribution to the acquisition of the property. *Simmons v. Simmons,* 275 S. C. 41, 267 S. E. (2d) 427 (1980); *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978).

The record leaves no doubt that Mrs. Burgess contributed materially to the financial success of her family and the acquisition of property by her husband. Mrs. Burgess worked full time outside the home during the first eight years of the marriage. She contributed her one-half (½) interest in the proceeds from the sale of the parties' former home in Texas toward purchasing their home in Greenville, South Carolina. She stopped working at Mr. Burgess' request to care for him and raise their son. Finally, she returned to work part-time in 1975. Throughout her employment she contributed her earnings to the support of her family. Under these circumstances Mrs. Burgess is entitled to the equitable ownership of a portion of the properties held by Mr. Burgess. *Poniatowski v. Poniatowski,* 275 S. C. 11, 266 S. E. (2d) 787 (1980).

In determining the proper portion of Mr. Burgess' property that is owned in equity by Mrs. Burgess the relative incomes and material contributions of the parties must be weighed, and both parties should be given an opportunity to be heard in the matter. *Wilson v. Wilson, supra.* Mr. Burgess was awarded the marital residence, valued at $47,000 to $60,000, a 1977 automobile, a Dodge van, some IBM stock, half of the household furnishings and two front-end loaders with trailers. Mrs. Burgess was awarded $10,000 and a 1971 automobile. Comparing these ridiculously disparate property awards it is clear that the $10,000 is an insufficient portion.

Moreover the trial court failed to set forth the salient facts upon which it based its decision. Family Court Rule 27. The record is void of sufficient evidence for a determination by this Court. Accordingly we remand to the lower court for a hearing and increased award to Mrs. Burgess.

Next, appellant appeals the denial of alimony.

The lower court based its denial of alimony on the fact that Mrs. Burgess is a cosmetologist which should enable her to earn sufficient income to improve her standard of living. The court further held that alimony was unnecessary in light of the ($10,000) equitable division award.

Among the factors to be considered in determining an alimony award are (1) the financial status of the husband and the needs of the wife; (2) the parties' respective age, health, earning capacity and individual wealth; (3) their individual contributions to the accumulation of their joint wealth; (4) the conduct of the parties; (5) their respective need and standard of living at the time of the divorce; (6) the duration of the marriage and the actual income of the parties. *Lide v. Lide*, S. C., 283 S. E. (2d) 832 (1981); *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977).

In denying appellant alimony, the lower court disregarded some of these factors and gave undue weight to others. The financial declarations show the husband's gross income to be $1824.00 per month and the wife's to be $200 per month. Both parties are in their mid-thirties and in good health.

Appellant presently works three days a week as a cosmetologist. However her earning capacity as a cosmetologist is much less than that of her husband who is employed by IBM Corporation.

Appellant and the parties' six year old son are now living in government subsidized housing while respondent resides in the marital home.

Respondent's expenses are large, almost triple that of the wife and minor child and an obvious reflection of the vast difference in their lifestyles.

The $10,000 equitable division award should be considered only as one of the factors in determining alimony and not as a substitute for alimony. *Simmons v. Simmons,* 275 S. C. 41, 267 S. E. (2d) 427, 429 (1980). Thus the trial court erred.

Based on the disparity in incomes, needs and lifestyles, we remand to the lower court for a hearing and alimony award to Mrs. Burgess.

Finally appellant argues the trial court erred in awarding a washer and dryer to respondent when he admitted they were gifts to appellant for their anniversary. The question of whether or not gifts are included in the equitable division of marital property has never been addressed by this Court. At common law gifts are not generally included. *Coates v. Coates* 64 Ill. App. (3d) 914, 21 Ill. Dec. 656, 381 N. E. (2d) 1200 (1978); see also 24 Am. Jur. (2d), Divorce & Separation, § 930; *Bissett v. Bissett,* 375 Ill. 551, 31 N. E. (2d) 955, 133 A. L. R. 855.

Section 14-21-1020, S. C. Code of Laws (1976) (1980 Cum. Supp.), specifically provides for the settlement of all equitable rights of the parties as to all, "real and personal property of the marriage . . ." (Emphasis added). This raises the issue of whether the gift involved is "property of the marriage."

Here it is admitted the washer and dryer was an interspousal gift and as such presumably purchased with marital funds. We hold interspousal gifts are subject to equitable distribution. See *In re the Marriage of Severns,* 93 Ill. App.

(3d) 122, 48 Ill. Dec. 713 at 716, 416 N. E. (2d) 1235 at 1238 (1981); 24 Am. Jur. (2d), Divorce & Separation, § 930; *Bissett v. Bissett,* 375 Ill. 551, 31 N. E. (2d) 955, 133 A. L. R. However, we remand to determine the final award of the washer and dryer in light of the total division of the marital property.

Appellant has also requested the Court to award attorneys fees. Both parties have a right to be heard on this issue. We remand to the lower court to determine the award of attorneys fees.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.