21775

Kenneth A. OLSON, Appellant, v. Johnsie OLSON, Respondent.
(294 S. E. (2d) 425)

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for appellant.*

*Joseph S. Mendelsohn*, Charleston, *for respondent.*

Aug. 10, 1982.

*Per Curiam:*

The parties separated after three and one-half years of marriage. The only issues in this facet of the litigation concern division of property.

The parties jointly own a remainder interest in certain real property located in Statesville, North Carolina. Respondent's aunt holds the life estate. The parties stipulated at the hearing in the lower court that no disposition would be made of the North Carolina property until such time as the fee simple interest vests in the parties.

The lower court ordered that "no action shall be taken with

regard to the property located in Statesville, North Carolina; and while [the parties] are joint owners of this property, all expenses accruing thereby shall be borne equally by [the parties], including, but not limited to, taxes, insurance and repairs." Appellant argues the lower court erred for the following reasons: (1) the life tenant generally has responsibility for taxes, insurance and repairs; (2) appellant has no legal duty to support respondent's aunt; and (3) the relief granted exceeded the relief requested in the pleadings.

Appellant reads the lower court order as imposing obligations on him not normally borne by a remainderman. We construe the order as requiring appellant to contribute only to such expenses, if any, which may arise as a result of his one-half ownership of the remainder interest and which are of the type the law imposes on the holder of a remainder interest. Thus construing the order, we find no error.

Appellant also alleges error in the lower court's award to the wife of certain emerald and diamond jewelry purchased by appellant on the parties' honeymoon. Appellant asserts the jewelry was purchased as an investment while respondent contends it was bought as a gift for her. We agree with the lower court that the jewelry was intended to be a gift to respondent. Appellant never insured the jewelry and was not aware of its current value, while respondent had access to the jewelry and was permitted to wear it at her pleasure.

Concluding that the jewelry was a gift to respondent is not dispositive of this issue, however. We recently held that gifts are subject to equitable division. *Burgess v. Burgess*, S. C., 286 S. E. (2d) 142 (1982). Accordingly, we remand this issue to the lower court for a determination and award in light of the total division of marital property.

The issue regarding reimbursement to respondent for funds advanced since the parties' separation is affirmed under Rule 23.

Affirmed in part and remanded.

HARWELL, J., not participating.