21794

Patricia S. CANNON, Respondent, v. Howard R. CANNON, Appellant.
(295 S. E. (2d) 875)

*W. Paul Culbertson*, Laurens, *for appellant.*

*C. Rauch Wise*, Greenwood, *for respondent.*

October 5, 1982.

LITTLEJOHN, Justice:

This action was commenced in the Court of Common Pleas by Respondent, Patricia S. Cannon (Wife) against the Appellant, Howard R. Cannon (Husband) seeking an equitable interest in the marital home titled in the Husband's name. A basic issue submitted to the lower court and, in turn, to this Court, is whether the Court of Common Pleas should have awarded an equitable interest in this property to the Wife under the facts enumerated hereafter. We hold that the judge erred in failing to dismiss the action.

The Husband and Wife were married in 1966. In 1971, they moved into the marital home which is the subject of the dispute we now consider. They continued to reside in this house until separated in 1978; in that year their personal property was divided by order of the Family Court. See *Cannon v. Cannon*, 275 S. C. 424, 272 S. E. (2d) 179 (1980). Only distribution of personal property was there involved.

The Husband commenced a divorce action in the Family Court on April 7, 1979, requesting not only a divorce but also equitable division of real property *jointly* owned by the parties. The Complaint made no mention of property owned by the Husband individually; nor was it mentioned in the Wife's Answer.

The Husband was granted a divorce by the Family Court on the ground of adultery and equitable distribution of the *jointly* owned property was made by the Family Court judge in July, 1979. No appeal was taken.

Six days after the commencement of the Husband's divorce action in the Family Court, the Wife (on April 13, 1979) commenced this action in the Court of Common Pleas requesting an equitable interest in the marital home; she alleged that she made a significant contribution to the down payment, plus mortgage payments. At the hearing on the merits, the Wife

stipulated that she did not claim an equitable interest in the marital home as a result of a constructive or resulting trust. The Husband generally denied the material allegations of the Complaint and alleged that the Court of Common Pleas did not have jurisdiction to vest the Wife with equitable interest in his marital home titled in his name. He also pled collateral estoppel.

On March 25, 1980, the judge of the Court of Common Pleas granted the prayer for relief of the Wife, holding that his court did have jurisdiction and that the Wife was entitled to equitable interest in the marital home. It is from this Order that the appeal is now before our Court.

The trial judge stated the question properly, as follows: " . . . whether or not the equitable interest of the wife in the marital home must be litigated only in the Family Court." He disposed of the issue as follows:

> The Court concludes that it is erroneous to hold that such issues are in the exclusive jurisdiction of the Family Court. Section 14-21-1020 S. C. Code of Laws 1976 (Cum. Supp. 1979) provides that the Family Court shall have the power and authority fo the Circuit Court for the settlement of all real and personal property issues of the marriage, "if requested by either party in the pleadings". Quite clearly neither party has requested that this issue be disposed of in any of the divorce pleadings filed in the Family Court. Thus, this section sets up a concurrent jurisdiction of the Family Court and the Circuit Court to determine such equitable interest, but the Family Court has jurisdiction only if the parties request it. In addition, the Supreme Court has repeatedly recognized that the mere fact that a cause of action any arise out of the marital relationship of the parties does not vest the Family Court with exclusive jurisdiction. *See, e.g. Zwerling,* 273 S. C. 292, 255 S. E. (2d) 850 (1979); *McGrew vs. McGrew,* 273 S. C. 556, 257 S. E. (2d) 743; *Elliott vs. Green,* 274 S. C. 348, 263 S. E. (2d) 650, 1980.

Our 1976 Code § 14-21-1020, as amended, upon which the judge relied, recites the authority of the Family Court as follows:

> The Court shall have all power, authority and jurisdiction by law vested in the circuit courts of the State in

actions for divorce *a vinculo matrimonii*, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in such actions in and to the real and personal property of the marriage and attorneys' fees, *if requested by either party in the pleadings.* (Emphasis added.)

It was the trial judge's interpretation that in as much as neither party requested the court to determine the issue of an equitable interest in the marital home, the matter was left in abeyance so that the issue might be litigated in either the Court of Common Pleas or, presumably, in a separate action in the Family Court at some future date. We do not hold that the Court of Common Pleas can never be used by Husbands and Wives to settle property disputes. We think, however, it was the intent of the General Assembly and of the statute that when an action is pending for divorce, and/or other property disputes are being settled, the parties are required to assert such interest as is claimed in the property of the other in the divorce court to the end that all issues be finalized. It is an awkward approach to attempt to settle equitable interests in properties piecemeal. It is more logical, if not absolutely necessary, that the totality of property rights be considered in arriving at the totality of equitable distributions. We are sure that the legislature, in this day of expensive litigation, when judicial economy is important, meant for all disputes to be finalized in one action. When the Act stipulated that property rights be determined " ... if requested by either party in the pleadings", it is clearly implied that if no request is made in the pleadings, no claim is to be later asserted by the pleader. Having failed to plead any claim of interest in the marital home in the Family Court divorce action, where she had a right to assert the same, the Wife has effectively waived the right and should be and is collaterally estopped to bring a separate action in the Court of Common Pleas and the lower court should have so held.

Here, The Family Court in the divorce action, beyond dispute, on April 7, 1979, acquired jurisdiction to adjudicate all rights. Notwithstanding this fact, six days later the Wife elected to attempt to litigate in another forum. The divorce was granted in July, 1979. A hearing in this case was not held in the Court of Common Pleas until September 4,

1979. An Order was not issued until March 25, 1980. Throughout the divorce proceedings, the Wife was aware of the fact that the Husband was alleging that the Court of Common Pleas was without jurisdiction but made no effort to plead her cause in the Family Court. Marital property rights were already before the Family Court. Under the law of estoppel, the Wife is barred, not only from relitigated issues which have been determined, but of litigating issues which could and should have been presented for decision. *Melton v. Melton,* 229 S. C. 85, 91 S. E. (2d) 873 (1956). We hold that the Wife is collaterally estopped because the statute required her to assert an equitable interest, if any she claimed, in the divorce action.

The Order of the Court of Common Pleas is reversed and the case is remanded for entry of judgment in favor of the Husband.

Reversed and Remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, J. J., concur.