21884

Louis Douglas BARDEN, Appellant, v.
Delores Godwin BARDEN, Respondent.
(301 S. E. (2d) 141)

*Joseph C. Coleman*, Columbia, *for appellant.*

*Glenda M. Greenaway* and *Harvey L. Golden*, Columbia, *for respondent.*

March 16, 1983.

HARWELL, Justice:

The family court granted appellant and respondent a divorce on the statutory ground of one year's continuous separation. Appellant alleges the family court erred in awarding respondent the marital property. We agree.

The parties were married in 1949. Within a year, appellant became employed by the South Carolina Highway Department. During his thirty year employment, appellant has been transferred to several department sites. Each time he was transferred, respondent left her employment, followed her husband, and sought new employment. Consequently, respondent has only nine years invested in a retirement system. She is now employed as a tax analyst, earning $9,900 annually. Appellant earns $25,600 a year.

Appellant left respondent after twenty-eight years of marriage for another woman. Initially, he voluntarily paid re-

spondent $600.00 a month for support. Approximately a year later, he stopped the monthly payments. Respondent then initiated this action for divorce.

All the marital assets are titled in respondent's name including a house with an equity of approximately $40,000, an automobile, and two bank accounts totalling approximately $16,000.

The family court granted respondent $400.00 monthly alimony and "exclusive possession" of the marital residence, automobile, and bank accounts. Elsewhere in the order, however, the court stated that respondent "is entitled to retain *ownership*" of all the assets in her name.

In an equity proceeding, tried by the judge alone, we may determine the issues in keeping with our view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). We believe the family court erred in denying appellant any interest in the marital property.

The record reflects that appellant contributed the greater financial portion to the material acquisitions of the marriage. Yet, the family court awarded him no interest in any of the marital property. In determining the property division, the court weighed heavily the appellant's fault in the marriage break-up. However, the statutory foreclosure of alimony based on a spouse's adulterous conduct does not extend to equitable division of property. *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980). We find that the family court failed to consider evidence of appellant's material contributions through his thirty year employment. We conclude the evidence sufficiently supports appellant's claim of an equitable interest in the marital property. We remand for further proceedings in accordance with this view.

Therefore, we remand the case for redetermination of appellant's proper equitable interest.

Remanded.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.