21918

Ernest DOYLE, Appellant, v. Betty B. DOYLE, Respondent.
(302 S. E. (2d) 862)

*Stevens, Stevens & Thomas,* Loris, *for appellant.*

*J. M. Long, Jr.,* Myrtle Beach, *for respondent.*

May 9, 1983.

LITTLEJOHN, Justice:

Plaintiff-Appellant, Ernest Doyle (Husband), brought this action against the Defendant-Respondent, Betty B. Doyle (Wife), asking that he be granted a divorce *a vinculo matrimonii* on the ground of adultery, and seeking permanent custody of the two minor children born to their marriage. The Wife answered the Complaint generally denying the allegations therein and by way of a Counterclaim prayed that the court grant her a divorce on the ground of physical cruelty, and custody of the children, child support, alimony, attorney fees, and an equitable distribution of the real and personal marital properties.

The trial judge found the Counterclaim had not been proved but that the Husband was entitled to the relief demanded in the Complaint. The judge did grant that part of the Counterclaim which requested an equitable division of the marital properties. He allotted to each spouse a one-half undivided interest in the realty. The distribution of the personal property is not in issue. The Husband appeals that part of the decree which directed an equitable division of the property contending, in essence, that the Wife was granted too much under the circumstances. We agree.

At the outset, we point out that the trial judge completely ignored Rule 27, subsection (3) of the Family Court Rules. That rule requires that the "Order ... shall set forth the salient facts upon which the order is granted, the conclusions of law, and such other data relating to the decision as the court may deem desirable." Independent of the merits of the appeal, this case would have to be remanded for failure of the judge to comply with this rule. Since equitable distribution of marital properties is now authorized, it becomes more imperative that Family Court judges comply with Rule 27. This Court, as reviewing authority, should have before it the grounds upon which equitable distribution of property is decreed. The authority to divide unlimited marital property involves an awesome responsibility and this Court will hereafter remand cases for compliance with the rule, at the time

the appeal is heard or upon motion prior to a hearing of the appeal on its merits.

While this Court has no way of knowing with certainty the basis of the judge's conclusions that the property should be divided equally, we are of the opinion, based on such record as we have and the argument of counsel, independent of the deficient Order, that the judge abused his discretion in awarding to the Wife one-half of all the realty. It is true that the evidence is susceptible of the inference that the Wife worked and made some contribution to the marital accumulation, but the contributions are left to conjecture.

It would be difficult, if not impossible, upon remand, for the judge to issue an appropriate order based on the evidence which was before the lower court and upon the record presented to us. We, therefore, hold that a new trial *de novo*, limited to the equitable distribution of the marital properties, is appropriate.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, J.J., concur.