Mary Lou ROGERS, Appellant, v. Marvin ROGERS, Respondent.

(311 S. E. (2d) 743)

Court of Appeals

*Richard J. Paul,* North Charleston, *for appellant.*

*Thad H. Vincent,* Mt. Pleasant, *for respondent.*

Jan. 16, 1984.

SANDERS, Chief Judge:

This is an appeal from an order of the Family Court dividing the marital property of a husband and wife upon their

divorce. The wife appeals from that portion of the order dividing the equity in the marital home, previously titled in their joint names. The trial judge found their equity in the home to be worth $30,000 and awarded the wife 25 percent of this value. We affirm.

Two questions are presented by the wife on appeal: (1) Whether the trial judge erred in awarding her only a 25 percent interest in the home when it was titled in the joint names of the parties, and (2) Whether the trial judge erred in finding the equity in the home to be worth $30,000.

This being an equity proceeding tried by the judge alone, we may determine the issues in keeping with our own view of the evidence. *Barden v. Barden*, 278 S. C. 672, 301 S. E. (2d) 141 (1983). The determination of equitable distribution is a matter which rests within the sound discretion of the Family Court. *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980). In determining a proper equitable division of marital assets, the relative incomes and material contributions of the parties must be weighed. *Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982). The court may also consider who was at fault in causing a divorce and, while the circumstance of fault is not controlling and does not justify a severe penalty, it has persuasive force. *Simmons.*

I

The evidence on which the trial judge based his order may be summarized as follows:

The parties were married for approximately 21 years. They were the parents of two children, one of whom was emancipated at the time of their divorce. The husband worked throughout the marriage, first as a railroad employee, then for the armed services, and after his retirement for a cable television company. At times, he held two jobs in order to provide for his family. The wife helped maintain the household and worked off and on at various odd jobs. She never earned any income of substance until about two years prior to separating from the husband. The wife concedes the husband's income provided all of the funds from which the family derived its support and with which the marital property was acquired. The wife abandoned the marriage and committed adultery with another man. She offered no explanation for

her conduct which resulted in the husband's being awarded a divorce on the ground of adultery.

While the wife's appeal questions only the division of the interest in the marital home, it is important to note that this was not the only property in which the trial judge awarded the wife an interest. In addition, he awarded her a 1975 Chevrolet automobile titled exclusively in the husband's name, about one-half of the parties' savings, most of which came from the husband's income, and such household furnishings as she saw fit to take with her when she left the marital home.

The wife argues she should have received a larger share of the equity in the marital home. She relies on the status of its title being vested jointly in the parties and claims her one-half "legal" interest was an unrebutted presumptive gift to her. We reject this argument for two reasons. First, we hold that in making an equitable distribution of marital property, the court is not bound by the status of title. Instead, the court must look to the various considerations set out in *Burgess* and *Simmons,* previously discussed. Secondly, even if there was a gift to the wife of a one-half interest in the marital home, this property would remain subject to an equitable division by the court. *Burgess.*

In our view, evidence here is adequate to support the award by the trial judge. Accordingly, we find no abuse of discretion concerning this issue.

## II

The wife next contends the trial judge was in error when he found the equity in the marital home to be $30,000.

The evidence on this issue is as follows:

The husband testified the equity in the home was $30,000 based on a gross value estimated at $50,000. He showed the figure of $30,000 on his financial declaration under "all property of the parties known to me ... value of real estate." On cross-examination, the wife elicited from the husband testimony to the effect that he once discussed the house with a real estate agent who gave him a "ball park figure" of "around $63,000" as to what he thought the husband could get for the house. The wife showed nothing on her financial declaration as to the value of any real estate and offered no evidence of her own as to the value of the home. She relies exclusively on this

cross-examination to support her argument that the trial judge incorrectly valued the property. We hold otherwise.

Second hand testimony of a "ball park figure" given by some unidentified (and not necessarily knowledgeable or reliable) "real estate agent" as to what he "thought" the property could be sold for, would obviously be entitled to small weight, if competetent at all. There is no presumption that a person is competent to give his opinion as to the value of real property. His competency must be shown. *City of Spartanburg v. Laprinakos,* 267 S. C. 589, 230 S. E. (2d) 443 (1976). If the person is someone other than the owner of the property, the source of his knowledge must be revealed to remove his opinion from the realm of mere conjecture. A bare declaration of his knowledge of the value of the property is insufficient. *Laprinakos.*

On the other hand, the husband, as an owner of this property, is competent to estimate its value as a matter of law. *See Seaboard Coast Line Railroad v. Harrelson,* 262 S. C. 43, 202 S. E. (2d) 4 (1974) (citing with approval the rule as stated by Wigmore, 3 Wigmore, Evidence § 716 [Chadbourn Rev. 1970] ).

We therefore find no error by the trial judge in accepting the husband's $30,000 estimate as to the value of the equity in the marital home.

Accordingly, the order of the Family Court is

Affirmed.

GARDNER and BELL, JJ., concur.