0052

Marcia Rose HUSSEY, Respondent, v. John W. HUSSEY, Jr., Appellant.

(312 S. E. (2d) 267)

Court of Appeals

*Jack G. Leader* and *Charles W. Blackwell,* Rock Hill, *for appellant.*

*Larry Thomas Black,* Charlotte, N. C., and *James B. Richardson, Jr.,* Columbia, *for respondent.*

Jan. 23, 1984.

CURETON, Judge:

This divorce case presents for our review an issue of first impression in South Carolina. We are asked to decide, among other things, whether the family court erred in considering the appellant husband's inherited property in its equitable division of the marital assets. We hold that though inherited property generally is not a marital asset, it may properly be considered in determining what constitutes an equitable division of the marital property. The case is reversed, however, for the trial court's failure to comply with Rule 27(C) of the Rules of Practice for the Family Courts with respect to the issues of alimony, equitable distribution and attorney's fees.

The facts upon which this appeal is based center on Mr. Hussey's inheritance of over $50,000.00 worth of stock from his mother in 1966 and a remainder interest in the corpus of a trust worth at least $130,000.00 from his father. He had held the stock approximately three years when he married the respondent, Marcia Hussey. He inherited the remainder interest in the testamentary trust during the marriage.

It is undisputed that Mr. Hussey maintained the stock as his separate property during the marriage. He sold most of it in September, 1979 for $60,000.00. From the proceeds, he purchased ninety (90) gold coins (Krugerrands). The remaining money was deposited in a Merrill Lynch account he held jointly with Mrs. Hussey. Later, according to Mr. Hussey, he purchased ten (10) gold coins (Mapleleaf) with the remaining

money. All the gold coins, worth approximately $84,150.00, were placed in a joint safety deposit box. The unsold stocks were kept segregated from the joint property. Mr. Hussey testified that he used the dividends from the stock to purchase a partnership interest worth approximately $4,500.00.

In addition to the inheritance from his mother, Mr. Hussey acquired a remainder interest in a trust under the terms of his father's will. The father's estate, consisting of real property, was sold for $130,000.00. This money, along with a certificate of deposit, was to be placed in trust, with Mr. Hussey's stepmother to receive the income for life. Mr. Hussey testified that he was to receive the principal and his sister was to get "a very small portion."

In equitably dividing the property, the family court ordered that the jointly held marital residence with equity of $88,000.00 and its furnishings be sold and the proceeds divided equally. With respect to Mr. Hussey's inherited property, the court found that it was not "property of the marriage" subject to equitable distribution pursuant to Section 14-21-1020, Code of Laws of South Carolina, 1976. Instead, the fact that Mr. Hussey had these assets, the court concluded, was a relevant consideration in effecting an equitable distribution of the marital property.

The family court then ordered Mr. Hussey to pay Mrs. Hussey $30,300.00 "in way of an equitable distribution of assets." The court further stated:

> As an additional sustaining ground, I conclude that [Mrs. Hussey] is entitled to this amount in way of lump sum alimony. In lieu of paying [her] cash, [Mr. Hussey] should be permitted to satisfy in full his obligation to [her] in regard to these remaining assets by vesting her with sole ownership of one-half (½) of his stocks and one-half (½) of the gold coins.

Mr. Hussey contends his inherited property was not marital property to be equitably divided upon dissolution of the marriage. He argues that since his inherited property affected the division of the marital property, the inheritances were in effect included in the marital estate. The court had no jurisdiction under Section 14-21-1020, Code of Laws of South Carolina, 1976, Mr. Hussey asserts, to dispose of his inheritance in this manner.

The equitable distribution of spousal property upon dissolution of the marriage is authorized by Code Section 14-21-1020. *Cannon v. Cannon,* 278 S. C. 346, 347, 295 S. E. (2d) 875 (1982); *Doyle v. Doyle,* 279 S. C. 119, 302 S. E. (2d) 862 (1983).[1] This statute provides:

> The [family] court shall have all power, authority and jurisdiction by law vested in the circuit courts ... in actions for divorce ..., and for settlement of all legal and equitable right of the parties in such actions in and to the real and personal property of the marriage ..., if requested by either party in the pleadings.

This broad legislative grant of power to family courts to equitably distribute spousal property is restricted by the requirement that the courts distribute only the property found to be "property of the marriage."

The question of whether inherited property is the nonmarital and sole property of the inheriting spouse or marital property subject to equitable distribution has never been addressed by the South Carolina Supreme Court. Nor has the General Assembly defined what constitutes "property of the marriage" as the phrase is used in Section 14-21-1020. Nevertheless, our analysis of the issue and review of the law convince us, and we so hold, that any property inherited by a spouse, and any property acquired in exchange for such inherited property, is not "property of the marriage."

First, we note that tradition has long accorded the inheriting spouse a separate and sole interest in that spouse's inherited property. *See* Chastain, Henry and Woodside, *Determination Of Property Rights Upon Divorce In South Carolina: An Exploration and Recommendation,* 33 S.C.L. Rev. 227, 229-230 (1981).

Second, a substantial majority of states exclude inherited property from the marital property of the parties. Baxter, *Marital Property* Section 41.8 (Supp. 1983). The rationale appears to be that property which comes to either party by avenues other than as a consequence of their mutual efforts owes nothing to the marriage and is not intended to be shared.

---

[1] Section 14-21-1020 is recodified at Section 20-7-420(2), Code of Laws of South Carolina, 1976 (Supp. 1982).

*See, e.g., Bailey v. Bailey,* 250 Ga. 15, 295 S. E. (2d) 304 (1982).

Third, our Supreme Court, relying on special equity principles, has established certain parameters within which spousal property may be divided. In *Parrott v. Parrott,* 278 S. C. 60, 292 S. E. (2d) 182 (1982), the Court noted that not all property brought into or acquired during the marriage by either party is property of the marriage. Neither is the status of the title to the property a significant determinant of whether it is marital or nonmarital property. *Barden v. Barden,* 278 S. C. 672, 301 S. E. (2d) 141 (1983). The Court has implicitly held that marital property is that property of the parties which arises from or to some extent is augmented by the efforts of the marital parties. *See, e.g., Burgess v. Burgess,* 277 S. C. 283, 286 S. E. (2d) 142 (1982) (interspousal gifts held to be marital property); *Bugg v. Bugg,* 277 S. C. 270, 286 S. E. (2d) 135 (1982) (marital home titled in husband's name held to be marital property); *Stone v. Stone,* 274 S. C. 571, 573, 266 S. E. (2d) 70, 71 (1980) (family business held to be marital property).

Finally, we are mindful that the inclusion of inherited property in the marital estate subjects it to being removed from the natural line of succession, thus thwarting the desire of the persons who acquired it and passed it on to the spouse in possession. At the same time, the spouse who made no contribution toward acquisition of the property benefits from the windfall award.

For these reasons, we hold that inherited property is not subject to equitable distribution pursuant to Section 14-21-1020. We hasten to add, however, that in certain instances, where the nonmarital character of inherited property is lost, it may be equitably divided. This may occur when the property becomes so commingled as to be untraceable; is utilized by the parties in support of the marriage; or is titled jointly or otherwise utilized in such manner as to evidence an intent by the parties to make it marital property.

In addition, we hold that though inherited property is not marital property subject to equitable distribution, it may properly be considered as a factor in determining what constitutes an equitable division of the marital property. In *Levy v. Levy,* 277 S. C. 576, 291 S. E. (2d) 201

(1982), Mr. Justice Littlejohn states "it is always proper for the [family court] judge to take into consideration the debts of both of the parties as well as the properties of both of the parties in decreeing equitable distribution." The course of action taken by the family court after consideration of the properties of each of the parties is left to the sound discretion of the judge.[2]

In the case before us, the record does not adequately reveal what part of Mr. Hussey's inherited property the trial judge found to be his separate property. In addition, the court failed to comply with Rule 27(C) of the Rules of Practice for the Family Courts with respect to the issues of alimony and attorney's fees. *See Atkinson v. Atkinson*, 309 S. E. (2d) 14 (S. C. App. 1983).

On remand, the court will follow a three-step procedure with respect to the equitable division of the property: (1) consistent with our holding today, determine the existence of and assign to each party his or her nonmarital property; (2) determine the value of each item of marital property not already distributed; and (3) decide how division of the net marital property can be made most equitably, considering, among other things, the debts and nonmarital properties of each of the parties, *Levy v. Levy, supra;* the contributions of the parties, *Brown v. Brown*, 279 S. C. 116, 302 S. E. (2d) 860 (1983); the effect of the award of alimony on the distribution, *See, e.g., Haynes v. Haynes, supra;* and the effect, if any, marital fault is to have on the distribution of the marital property, *Barden v. Barden, supra.*

The trial court's attention is directed particularly to these concerns. First, since it is undisputed that Mr. Hussey's inherited stock which remained unsold at the time of divorce was never made marital property, the court may not order its transfer in lieu of cash. Second, the court should examine whether placing the proceeds from the sale of the inherited stock and the gold coins purchased with such proceeds into a joint account transmuted the nonmarital

---

[2] *Cf. Carter v. Carter*, 277 S. C. 277, 286 S. E. (2d) 139 (1982); *Bugg v. Bugg*, 277 S. C. 270, 286 S. E. (2d) 135 (1982); and *Haynes v. Haynes*, 279 S. C. 162, 303 S. E. (2d) 429 (1983) (though not marital property subject to equitable distribution, retirement pay may properly be considered in determining appropriate alimony).

property into marital property. *See, e.g., Clinkscales v. Clinkscales,* 275 S. C. 308, 270 S. E. (2d) 715 (1980). If not, the court may not order it distributed to Mrs. Hussey. Third, the court should determine whether Mr. Hussey's remainder interest in the testamentary trust is vested or nonvested. If not vested, it may not be considered in equitably dividing the marital assets. Mere uncertainty of the quantum of an estate limited upon a life estate, however, does not affect or change the character of an otherwise vested remainder so as to make it contingent. *Gilmore v. Gilmore,* 197 Ga. 303, 29 S. E. (2d) 74 (1944); *See also Lemmon v. Wilson,* 204 S. C. 50, 28 S. E. (2d) 792 (1944).

With respect to the issues of alimony and attorney's fees, the case is remanded to the trial court for specific findings of fact and conclusions of law consistent with this Court's earlier decision in *Atkinson v. Atkinson, supra.* Parenthetically, we note that it is entirely proper for a family court to permit an award of lump-sum alimony or a monetary property distribution to be satisfied by the transfer of specific property. The court may not characterize the award, however, as alimony or, in the alternative, a property distribution. *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (S. C. 1978). Alimony is a substitute for the support normally arising from a marital relationship while spouse's interest in marital property is earned by the industry and labor of the spouse during the marriage. *Simmons v. Simmons,* 275 S. C. 41, 267 S. E. (2d) 427 (1980).

Mr. Hussey does not challenge the court's order that the jointly held marital residence be sold and its proceeds divided equally. Consequently, we affirm this provision of the order.

Mr. Hussey complains that the court's order fails to provide for possession of the marital home pending its sale. Additionally, he finds error in the court's failure to order that he be reimbursed for mortgage payments made beyond six months following the order. We view these omissions as an oversight by the family court judge. In any event, Mr. Hussey has remained in possession of the marital residence along with the minor child. Thus, we find no error in the trial court's order that he be reimbursed, upon sale of the residence, for only the first six months of mortgage payments.

For the reasons stated, the order of the family court is

affirmed as to the distribution of the proceeds of the marital residence upon sale, reversed as to alimony, attorney's fees and the $30,300 equitable distribution award, and remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part and remanded.

SANDERS, C. J., and GARDNER, SHAW, BELL and GOOLSBY, JJ., concur.