0084

Dorothy Hucks LaFITTE, Respondent. v. John Hancock LaFITTE, Appellant.

(313 S. E. (2d) 41)

Court of Appeals

*Betty Jean G. Cobb* and *Jean H. Toal*, of *Belser, Baker, Barwick, Toal & Bender*, Columbia, and *Dana Mitchell, III*, of *Mitchell & Paschal*, Greenville, *for appellant.*

*Kermit S. King*, of *King & Vernon*, Columbia, *for respondent.*

Heard Dec. 12, 1983.

Decided Feb. 21, 1984.

SHAW, Judge:

This is an appeal from a Family Court order. Mr. and Mrs. LaFitte were granted a divorce on the ground of a one year continuous separation. The trial judge awarded Mr. LaFitte an equitable distribution in the marital property but offset

this amount by one half of the college expenses incurred by Mrs. LaFitte for an emancipated child of the parties. Mr. LaFitte was ordered to pay one half of all future college expenses and to pay $400/month in child support for the parties' other minor child. We affirm in part, reverse in part, and remand in part.

In an equity action tried by a judge without a reference the Supreme Court (also Appeals Court) has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The record discloses that from 1971 both parties engaged in the construction business. Mr. LaFitte started a construction business in 1971 and performed the principal work with his wife providing substantial help. During the poor financial conditions of 1973 and 1974, Mr. LaFitte's business declined greatly. Both parties supported the family.

In 1974, Mr. LaFitte was concerned that he might become insolvent. To protect his assets from creditors, Mr. LaFitte deeded title in three houses to Mrs. LaFitte. Mrs. LaFitte sold the first house, used the proceeds to pay off mortgages in Mr. LaFitte's name on the other two houses, and then sold those two houses.

In 1976, both parties engaged in construction activities on a fee basis. Early in 1977, Mrs. LaFitte received her own contractor's license and began conducting her own construction business. In August of 1978, Mrs. LaFitte sold the last of the three houses which Mr. LaFitte had deeded to her. The proceeds from the sale of this third house were used to pay off two mortgages, one in each parties' name. The net proceeds were placed in the account of the construction business which Mrs. LaFitte owned and operated herself.

Mrs. LaFitte used these net proceeds to buy and sell two other houses, one in 1979 and the other in 1980. All transactions connected with these two houses were in Mrs. LaFitte's or her corporation's name. While Mr. LaFitte did participate in his wife's business up until July of 1977, he participated "very little" after that date.

Up until the parties' separation in December of 1979, Mr. LaFitte placed all of his income in a joint banking account which was used to pay household expenses and to make pay-

ments on the first two houses sold by Mrs. LaFitte's business in 1979 and 1980. Mrs. LaFitte placed most of her income in her corporation's account, to which she alone had access, but used this account to pay family expenses and to pay off several of her husband's debts on which he was solely liable. Mrs. LaFitte paid her husband's debts, many incurred by Mr. LaFitte when he was engaged in the construction business, to protect her credit reputation and to obtain construction supplies.

The trial judge found that Mr. LaFitte was entitled to 50% of the net proceeds from the sale of the fourth house by Mrs. LaFitte's business (which was the first house sold by Mrs. LaFitte which had not been deeded to her by her husband). This amount was offset by one half of the debts paid by Mrs. LaFitte and further reduced by one half of the college expenses paid by Mrs. LaFitte.

The court recognizes the right of either spouse to claim an equitable interest in property accumulated during the marriage upon a showing of a material contribution through finances or personal services to the business or acquisition of property. Section 20-7-420(2); *Wilson v. Wilson*, 270 S. C. 216, 241 S. E. (2d) 566 (1978).

Here, Mr. LaFitte requested an equitable division of his wife's construction business. The trial judge conducted an acuitous tracing of the proceeds from the sale of the houses in question and a thorough consideration of each parties' contributions to the family and to each other's construction business, and awarded Mr. LaFitte 50% of the net proceeds from the sale of the fourth house by his wife in 1979. The record discloses that Mr. LaFitte helped with his wife's business up until July of 1977 and that the proceeds from the sale of the first three houses originally owned by Mr. LaFitte were used to purchase the fourth house. Thus, Mr. LaFitte is entitled to 50% of the net proceeds from the sale of the fourth house and the fourth house only.

Furthermore, the trial judge was proper in offsetting this amount by one half of the debts of Mr. LaFitte paid by Mrs. LaFitte. In making this determination, the payments on the fifth house from the parties' joint checking account was taken into account. But for the payment of these debts, Mrs. LaFitte's business would not have prospered, and there would

be no proceeds for Mr. LaFitte to be entitled to. The record shows that all but one of these debts were paid prior to the parties' separation and that most of them were incurred by Mr. LaFitte in the operation of his construction business in the early 1970's.

Where matter of disposition of marital property is voluntarily submitted to the Family Court, it may employ any reasonable means to effectuate an equitable division. *Stone v. Stone,* 274 S. C. 571, 266 S. E. (2d) 70 (1980). Awards are left largely to the discretion of the trial judge whose judgment will not be disturbed absent an abuse thereof. *Powers v. Powers,* 273 S. C. 51, 254 S. E. (2d) 289 (1979).

Mr. LaFitte was also ordered to reimburse his wife for one half of the college expenses she had paid for their emancipated son. Under Section 20-7-420(17), support obligations end when a child turns eighteen unless "there are physical or mental disabilities of the child or other exceptional circumstances that warrant it." A college education is an exceptional circumstance when there is evidence that (1) the characteristics of the child indicate that he or she will benefit from college; (2) the child demonstrates the ability to make at least satisfactory grades; (3) the child cannot otherwise go to school; and (4) the parent has the financial ability to help pay for the education. *Risinger v. Risinger,* 273 S. C. 36, 253 S. E. (2d) 652 (1979).

The parties in this case entered into no contractual agreement to support the older child beyond the age of eighteen. The record contains no evidence of any exceptional circumstances. There are no findings of fact by the court in its order as to any; rather, the order contains mere conclusions of law. Accordingly, the issues of reimbursement of past college expenses and payment of further college expenses are remanded for a determination as to the existence of any circumstances that would justify the payment of those expenses. The fact that the child in question was living at home and that Mr. LaFitte had, by consent, contributed to his college expenses in the past are but two factors under *Risinger* to be considered.

Finally, Mr. LaFitte was ordered to pay $400/month in child support. Mrs. LaFitte claims that this amount is needed to send the minor child to a private school. The

child support statutes in this state, Sections 20-7-40 and 20-7-420(16), are gender neutral. The income of the wife must also be considered in determining the amount of child support. *Stevenson v. Stevenson,* 276 S. C. 475, 279 S. E. (2d) 616 (1981).

The record shows that Mrs. LaFitte had a much higher income than did her husband *without* considering the support payments ordered. It appears that Mrs. LaFitte's assets and future earning potential are much greater than Mr. LaFitte's. Mr. LaFitte was not allowed to examine the business records of Mrs. LaFitte's corporation to determine the true extent of her assets and earning potential. He was forced to rely upon her oral testimony as to her salary and the corporation's assets. Because the corporation's records are directly related to Mrs. LaFitte's ability to support the minor child (they are *not* relevant to Mr. LaFitte's equitable share of the business), Mr. LaFitte is entitled to see those records. Accordingly, the issue of child support for the minor child is remanded for a redetermination of each parties' appropriate share.

Affirmed in part, reversed in part, and remanded in part.

CURETON and GOOLSBY, JJ., concur.