0443

Mildred K. BARTH, Appellant, v. Ira BARTH, M.D., Respondent.
(329 S. E. (2d) 446)

Court of Appeals

*Jack L. Bloom* and *Philip Wittenberg*, of *Levi, Wittenberg, Harritt & Hoefer*, Sumter, *for appellant.*

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for respondent.*

Heard Sept. 26, 1984.

Decided April 17, 1985.

GARDNER, Judge:

This is a domestic relations case. The wife appealed from two orders of the family court which denied her petition for divorce and granted husband's petition for a permanent separation. The court awarded her alimony (separate maintenance and support), distributed marital property and denied her request for attorney's fees and costs.

Divorce actions are matters of equity heard by family court judges; this court's scope of review extends to findings of fact based on our own view of the preponderance of the evidence. *McLaughlin v. McLaughlin*, _____ S. C. _____ , 323 S. E. (2d) 781 (1984).

After thirteen years of marriage, the wife in this case left her husband and moved out of the state. She sought a divorce alleging substantial misconduct and fault on the part of the husband. The trial judge found the allegations lacked proof, and dismissed the wife's action for divorce. We find no error in this ruling.

The first two questions raised by the appeal relate to the equitable distribution made of the marital estate by the trial judge. These two questions involve forty exceptions, many of which are repetitious.

The wife first asserts that the trial judge committed reversible error by failing and refusing to award her exclusive ownership of all properties legally titled in her name as well as an equitable interest in those properties legally titled in the name of the husband. This exception has no merit. Section 20-7-420(2), Code of Laws of South Carolina (1976), as amended, grants jurisdiction to the family courts of this state to make an equitable division of the real and personal property of the marriage if requested by either party in their pleadings, as was done in this case. A family court judge has authority to make equitable distribution of the real estate of a marital estate regardless of whose name the property is titled in. *Barden v. Barden,* 278 S. C. 672, 301 S. E. (2d) 141 (1983); *Hussey v. Hussey,* 280 S. C. 418, 312 S. E. (2d) 267 (S. C. App. 1984).

The wife next asserts that the equitable division made by the trial judge was inequitable.

In divorce actions awards of marital property are left largely to the discretion of the trial judge and his judgment will not be disturbed on appeal absent abuse of discretion. *Lafitte v. Lafitte,* 280 S. C. 473, 313 S. E. (2d) 41 (S. C. App. 1984).

The trial judge in making the equitable distribution award reviewed all the factors to be considered in equitable distribution as are set forth in the recent case of *Shaluly v. Shaluly,* _____ S. C. _____ , 325 S. E. (2d) 66 (1985). In summary, the equitable distribution of the marital

estate in this case was made by the trial judge on a mathematical formula. He totaled the contribution to the marital estate made by both the husband and the wife and awarded each his proportionate share. We have carefully reviewed the voluminous record of this case; we affirm and concur in the equitable distribution made by the trial judge.

The wife next asserts error in the trial judge's refusal to award her attorney's fees. The award of attorney's fees is within the jurisdiction of the trial judge and his decision will not be disturbed on appeal absent abuse of this discretion. *Brewington v. Brewington*, 280 S. C. 502, 313 S. E. (2d) 53 (S. C. App. 1984). We find no abuse of discretion and affirm the trial judge's refusal to award the wife attorney's fees.

The wife next asserts that the trial judge was biased and prejudiced toward her and that therefore his ruling should be reversed. This issue was not raised during the trial nor was it ruled upon by the trial judge. It cannot, therefore, be considered on appeal. *Grego v. South Carolina National Bank*, _____ S. C. _____ , 324 S. E. (2d) 94 (S. C. App. 1984).

The trial court awarded $1,250 per month as alimony. The wife asserts that this amount was insufficient.

We agree. After a full review of the facts as disclosed by the record, we find that the wife is entitled to alimony in the sum of $1,800 per month commencing at the date of this order. The payments shall continue until the wife's death, the husband's death or the wife's remarriage, whichever occurs first.

Finally, the wife appeals the order settling the record for appeal. We reject this argument. The appealed order by necessity added to the proposed case submitted by the wife testimony necessary for an understanding of this court of the wife's exceptions, which were numerous. This question is not necessary for decision and is therefore not discussed in detail. The order of the trial court settling the record for appeal is hereby affirmed.

Affirmed as modified.

SANDERS, C. J., and CURETON, J., concur.