22346

Mary Swindler WARD, Appellant, v. Daniel Earl WILLIAMS, Jr., Respondent.

(332 S. E. (2d) 529)

Supreme Court

*Pledger M. Bishop, Jr.,* of *Buist, Moore, Smythe & McGee,* Charleston, *for appellant.*

*Acker, Acker, Floyd & Welmaker,* Pickens, *for respondent.*

Heard June 4, 1985.

Decided July 1, 1985.

GREGORY, Justice:

Appellant Mary Swindler Ward appeals from an order denying recovery of accrued child support on the basis of collateral estoppel. We reverse.

The parties were divorced in 1980. Respondent was ordered to pay child support; however, he was consistently delinquent in his payments. Appellant remarried, and her new husband sought to adopt the child. Appellant consented

to the adoption, but was not made a party to the adoption action. Respondent defaulted in the adoption action, and his parental rights were terminated and the adoption was completed.

After the adoption was finalized, appellant commenced this action seeking delinquent child support which had accrued prior to the adoption. The trial judge found collateral estoppel barred the action.

This Court has held collateral estoppel may bar the litigation of issues in Family Court. *See Eichman v. Eichman,* 329 S. E. (2d) 764 (D.S.C. 1985); *See also Cannon v. Cannon,* 278 S. C. 346, 295 S. E. (2d) 875 (1982). However, the doctrine of collateral estoppel does not apply to the facts of this case.

Although appellant consented to the adoption, she was not a party to that action. She could not have raised the issue of delinquent child support since she was not a named party.

The order of the trial judge is, accordingly,

Reversed and Remanded.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.