0734

Richard PORCHER, Respondent v. Cynthia H. PORCHER, Appellant.
(345 S. E. (2d) 737)

Court of Appeals

*Henry T. Gaud,* Charleston, *for appellant.*

*Joseph S. Mendelsohn,* Charleston, *for respondent.*

Heard March 26, 1986.

Decided June 16, 1986.

SHAW, Judge:

Respondent Richard Porcher was granted a divorce from appellant Cynthia H. Porcher on the ground of a one year continuous separation. The family court awarded the wife alimony and attorney's fees. The court also denied the husband's request for a reduction in child support and divided the marital property. The wife appeals from the court's distribution of the marital property. We affirm as modified.

These parties were married in 1969 and have two children. They separated in July of 1982 and applied to the family court to incorporate an agreement reached by the parties. The husband subsequently filed for a divorce. The divorce was granted and this appeal ensued.

The wife contends the family court erred in its findings regarding equitable distribution. Specifically, she challenges the court's valuation and distribution of the marital property.

The family court valued the marital home at $100,000.00. The court further found an outstanding mortgage of $7,000.00 which left an equity of $93,000.00. In 1980, the wife executed a $15,000.00 mortgage to enlarge the kitchen in the marital home. The family court found this mortgage was a business transaction in furtherance of the wife's catering business and should not be deducted from the equity in the home. The wife claims this was error. We agree.

The $15,000.00 loan was used primarily to enlarge the kitchen and to add a breakfast area to the home. Thus, the primary effect of the loan was to improve the marital home. The value these improvements added to the home is surely included in the value the trial judge assigned to the home. The husband received a one-half interest in the home and, thus, should share in the debt for the improvements.

The record also includes the following evidence which supports this finding. The breakfast area and enlarged kitchen were used by the entire family. The husband signed the note for the loan. Finally, although the trial judge found the wife owned the catering business, she awarded the husband a special equity of 5% of the net income of the business up to the date of separation.

Therefore, we modify the equitable distribution award by reducing the husband's net equity in the home by one-half of

the balance due on the kitchen loan at the time the parties separated.

The wife also claims the family court erred in dividing the equity in the home equally because she contributed a larger share of the purchase price and the home was titled in her name.

This court has held, "... in making an equitable distribution of marital property, the court is not bound by the status of title." *Rogers v. Rogers*, 280 S. C. 205, 311 S. E. (2d) 743, 745 (Ct. App. 1984). The *Rogers* court upheld an award of 25 percent of the equity in the marital home to the wife even though title was vested jointly in the parties. Regarding the parties' respective contributions to the purchase price of the home, South Carolina has discouraged a strict mathematical approach to equitable distribution. *Baker v. Baker*, 276 S. C. 427, 279 S. E. (2d) 601 (1981). *Barth v. Barth*, 285 S. C. 316, 329 S. E. (2d) 446 (Ct. App. 1985). Marital property should not be divided solely on the basis of each party's monetary contributions to the acquisition of that property. *Jones v. Jones*, 281 S. C. 96, 314 S. E. (2d) 33 (Ct. App. 1984). The wife concedes in her brief, and the family court found, the home was maintained and paid for with joint funds. The husband has a monthly salary of $2,290.00 and dividend income of $561.38 a month which he testified he contributed to the family account. Thus the court was certainly within its discretion in equally dividing the equity in the home.

Finally, the wife assigns a number of other errors to the family court. We find these assignments of error are manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1985).

Affirmed as modified.

CURETON and GOOLSBY, JJ., concur.