0817

Stanton S. HARMON, Respondent v. John T. HARMON, Appellant.

(350 S. E. (2d) 925)

Court of Appeals

*Peter L. Fuge* of *Harvey & Battey*, Beaufort, *for appellant.*

*James H. Moss* of *Moss, Bailey & Dore*, Beaufort, *for respondent.*

Heard Sept. 23, 1986.

Decided Nov. 17, 1986.

SHAW, Judge:

Respondent-wife, Stanton S. Harmon, petitioned the family court to hold appellant-husband, John T. Harmon, in contempt for his failure to comply with the parties' divorce decree, dated October 25, 1979. The wife also asked the court to order the husband to pay her attorney's fees. The husband counterclaimed seeking custody of the parties' two children, a decrease in alimony, a decrease in child support payments if custody was not awarded, and sale of the marital home. The husband appeals from the court's Order regarding sale of the marital home, repairs to the home, alimony, and attorney's fees. We affirm.

In appeals from the family court, we may find facts according to our view of the preponderance of the evidence. *Walker v. Frericks*, 285 S. C. 139, 328 S. E. (2d) 126 (Ct. App. 1985). However, we will not disturb matters which are discretionary with the family court, absent an abuse of the discretion. *Barth v. Barth*, 285 S. C. 316, 329 S. E. (2d) 446 (Ct. App. 1985).

These parties were divorced in October of 1979. The divorce decree awards custody of the parties' two minor children, a son, Andrew A. Harmon, and a daughter, Theresa S. Harmon, to the wife. However, Andrew moved to live with the husband in June of 1982. The decree awards child support and alimony to the wife.

The decree also grants the wife the exclusive use and possession of the marital home and directs her to assume the mortgage, insurance, and tax payments. The decree requires the wife to pay for "routine maintenance" and for the parties to split the cost of "major maintenance and/or repairs." The decree does provide if the wife remarries or sells the property, the parties will divide the equity.

The wife brought the present action because the husband was in arrears on alimony and child support payments. She also asked the court to order the husband to help her pay for certain repairs to the house.

The family court awarded the wife continued use of the marital home. It also ordered the husband to pay the wife one-half of the total cost for roofing and painting the marital home, to continue paying alimony and child support as under the divorce decree,[1] and to pay the wife $2,500.00 attorney's fees. The court also found the husband in contempt, but allowed him to purge himself by payment of the arrearages.

The husband claims the family court erred in awarding the wife continued use and possession of the marital home. However, the husband did not appeal the divorce decree, issued in 1979, which first awarded the wife exclusive use and possession of the home and we hold he has failed to prove a sufficient change of circumstances to warrant a modification of that decree.

The husband also claims the trial court erred in ordering him to pay one-half the cost of painting and roofing the marital home. The family court found painting and roofing the marital home constitute "major maintenance and/or repair" as contemplated by the original decree. That decree dictates these costs be borne equally by

---

[1] The court did modify the original decree so that the husband must now make the payments through the family court.

the parties. We agree with the family court's ruling since both expenditures directly affect the home's equity in which the husband has a one-half interest.

The husband further claims the family court erred in ordering him to continue paying $900.00 a month alimony. He argues a change of circumstance supports a reduction in the amount he is required to pay.

In his brief the husband points out the wife's income has doubled to $16,000.00 per year since the divorce and his salary fell from $65,884.46 in 1981 to $39,936.00 in 1983. The husband fails to point out he has received substantial yearly bonuses which are tied to his employer's financial condition. The exact amount and terms of the bonuses were not ascertainable at the hearing because the husband and his employer were less than forthcoming on the details.

Furthermore, due to acquisitions and gifts under his father's will, the husband's net worth increased from $79,800.00 in 1979 to $302,225.00 in 1983. We find no error in the family court's ruling on alimony.

Finally, contrary to the husband's argument, we find no abuse of discretion in the family court's award of attorney's fees to the wife.

Affirmed.

SANDERS, C. J., and LITTLEJOHN, A. J., concur.