1109

Lucy Jane Putnam ROWLAND, Appellant v.
Alvin Newton ROWLAND, Respondent.

(367 S. E. (2d) 434)

Court of Appeals

*Donald L. Van Riper*, Greenville, *for appellant.*

*Timothy L. Brown*, Greenville, *for respondent.*

Heard Feb. 22, 1988.

Decided March 14, 1988.

SHAW, Judge:

In this marital separation action, wife, Lucy Jane Putnam Rowland, appeals from a family court order equitably dividing the marital property and denying her attorney's fees. Husband, Alvin Newton Rowland, appeals the award of alimony. We reverse in part, affirm in part and remand.

Wife and husband filed separate actions in family court which were consolidated. Both actions were commenced after June 13, 1986, the effective adoption date of the Equitable Apportionment of Marital Property Act. § 20-7-471 et seq., S. C. Code of Laws 1976 (as amended). The wife contends the trial judge erred in dividing the marital property under the Act. We agree.

§ 20-7-472 of the Act provides that in making an equitable apportionment of marital property, the court must give weight in such proportion as it finds appropriate to certain factors. Some of the factors to be considered are: the duration of the marriage together with the ages of the parties at the time of the marriage and the marital action, marital misconduct or fault, the value of the marital property and contributions of each spouse, the income and earning potential of each spouse, the physical and emotional health of each spouse, the nonmarital property of each spouse, and whether separate maintenance or alimony has been awarded. (Note: this is not an exclusive list of the factors but is a list of those particularly applicable to this case.)

In dividing the marital property, the trial judge failed to make appropriate findings on any of the above recited factors. He randomly divided the property and failed to place values on some of it. He placed no ultimate value on the direct and indirect contributions of each party and his method was clearly erroneous. We therefore find it necessary to remand this case for proper findings on the

issue of equitable distribution. *See Toler v. Toler*, 292 S. C. 374, 356 S. E. (2d) 429 (Ct. App. 1987).

The wife also contends the trial judge erred in failing ■ to award her attorney's fees. Specifically, she contends the trial judge erred in failing to allow the affidavit of attorney's fees into evidence finding such was not subject to cross examination. However, the trial judge stated three grounds for his refusal to award attorney's fees. The other two grounds were not excepted to by the wife. The award of attorney's fees rests within the sound discretion of the trial judge and his decision will not be disturbed on appeal absent an abuse of discretion. *Barth v. Barth*, 285 S. C. 316, 329 S. E. (2d) 446 (Ct. App. 1985). We find no abuse of discretion and therefore affirm the trial judge's denial of attorney's fees.

The husband appeals the award of alimony to the wife in the amount of $435.00 per month. He contends the trial judge erred in failing to make any findings which would support the award.

Unless alimony is barred as a matter of law, it is ■ within the sound discretion of the trial judge to award or deny alimony. *Doe v. Doe*, 286 S. C. 507, 334 S. E. (2d) 829 (Ct. App. 1985). Although the trial court order minimally complied with Family Court Rule 27(C) requiring salient findings of fact, the record is sufficient to permit adequate review by this court. We find no abuse of discretion in the award of alimony.

Affirmed in part, reversed in part and remanded.

CURETON and GOOLSBY, JJ., concur.