439 P.2d 843

**Helen T. JOHNSON, Plaintiff and Respondent,**

v.

**Donald J. JOHNSON, Defendant and Appellant.**

No. 11110.

Supreme Court of Utah.

April 18, 1968.

Quentin L. R. Alston, Salt Lake City, for appellant.

Louis M. Haynie, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a divorce decree, having to do only with alimony, support money and property division. Affirmed, with no costs awarded.

This was a default divorce. The parties signed a so-called property settlement agreement, having to do principally with division of *personal* property, monthly payments and the like. The complaint had said the parties had no real property,—which was true. There ensued three more or less informal hearings looking to the equities of such division and payments. The last one revealed that the defendant had acquired an interest in real property from his parents eight days before the default judgment entered by the trial court, who considered the acquisition and awarded plaintiff a one-fourth interest therein on top of the terms of the stipulated property agreement which the court had before it.

Both parties agree that the trial court doesn't have to pay any attention to written stipulations of the parties inter se. That is the law in this state, without burdening this opinion with citation of authority.

Defendant, however, says that the court abused its discretion by not adhering to the

provisions of the stipulation without a hearing anew of all the facts.

 In recognizing the basic equities of the stipulation, but taking into consideration the acquisition of additional property by defendant before the findings, conclusions and decree of divorce were entered, we fail to see that the court abused its discretion in not having another rehearsal before the curtain went down. The presumption here is that the court studied the stipulation, gave it great weight, and recognized its terms along with the after-acquired property. We see no such capriciousness in its decision as would require another hearing or a second guess because of the acquisition of the interest in realty before decree. Actually, the court had all the facts before it, before it concluded as it did.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

TUCKETT, Justice (concurring in the result).

I concur in the result reached in the main opinion. I agree that the trial court in its discretion may choose not to follow the stipulation entered into by the parties settling their property rights and providing for alimony and support money for the minor children. I am of the opinion that if the stipulation of the parties is to be disregarded by the court, the court should not, without the consent of the parties, attempt to modify or to make a new contract for them. It seems to me that the court making findings and judgment in whole or in part upon the stipulation of the parties, which the court has elected not to follow, could be taken as the equivalent of making findings upon evidence which has been stricken from the record.