504 P.2d 1380

Mildred D. DUBOIS, Plaintiff and Respondent,

v.

F. Ray DUBOIS, Jr., Defendant and Appellant.

No. 12820.

Supreme Court of Utah.

Jan. 3, 1973.

4. Utah Constitution Article VIII, Sec. 9.

5. Barker v. Dunham, 9 Utah 2d 244, 342 P.2d 867.

Van Cott, Bagley, Cornwall & Mc-Carthy, Clifford L. Ashton, Robert N. Weatherbee, Ray C. Martineau, Salt Lake City, for defendant and appellant.

Harley W. Gustin, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

This is an action for a divorce in which the court awarded the divorce to the plaintiff together with a division of the marital estate, alimony and attorney's fees.

The parties were married on December 31, 1942. Two children were born to the parties both of whom are over the age of 21 years and are married. The parties lived happily together from the time of the marriage until a short time prior to the institution of these proceedings when the defendant informed the plaintiff that he was in love with another woman. After some efforts at reconciliation the parties elected to go their separate ways and these proceedings resulted.

During the marriage the husband's careful and prudent investment of the parties' assets resulted in an accumulation of a marital estate which totaled $588,581.00 as of May 31, 1971. The greater part of the nucleus of this estate was the result of investment and reinvestment of gifts from the plaintiff's relatives. After the commencement of these proceedings but before the trial the plaintiff's uncle Dr. Charles E. Hirth who had been a generous benefactor of the parties died. Dr. Hirth left a substantial estate of which the plaintiff was a beneficiary. After a trial was had the court below awarded to the plaintiff sixty per cent of the marital estate together with alimony in the sum of $375.00 per month, and attorney's fees in the sum of $10,000. The defendant is here challenging the decision of the district court insofar as it pertains to a division of the property, the payment of alimony and attorney's fees. The defendant assigns as error a failure of the court to take into consideration the plaintiff's interest in the estate of Dr. Hirth and whatever expectancy she may have in the estate of her mother who is still living but of advanced age.[1]

It is quite evident that the court in its decision took into account the source

1. MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066.

of the assets which comprised the marital estate and also the fact that the plaintiff was without fault in the termination of the marriage. We are unable to say that the court abused its discretion in the division of the property of the marriage and awarding attorney's fees to the plaintiff in the amount specified.[2] However, it appears that the income from the assets awarded to the plaintiff is sufficient to maintain her in the manner to which she is accustomed without periodic payments from the defendant. We are of the opinion that the decision of the court below should be modified so as to reduce the alimony payments to the sum of $1.00 per year and in all other respects the decision is affirmed. No costs awarded.

CALLISTER, C. J., and ELLETT and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring and dissenting in part):

I concur in the reduction of the alimony award, but believe the plaintiff, who instituted this action, having been awarded about 60% of the very substantial assets (about $600,000) of the parties, should be required to pay her own attorney the $10,000 fee awarded and that such payment be required as a condition precedent to effectiveness of the other awards made in her behalf.

The defendant concededly created the grounds for this divorce, but there is such a thing in equity that militates against pouring vinegar on one's already sore back.

---

2. Pinion v. Pinion, 92 Utah 255, 67 P.2d 265, Section 30–3–5 U.C.A.1953.