(No. 52964.—)

*In re* MARRIAGE OF MYRA Z. KOMNICK, Appellee, and LOREN J. KOMNICK, Appellant.

*Opinion filed January 20, 1981.—Rehearing denied March 27, 1981.*

SIMON, J., took no part.

Leon J. Zanoni and G. Michael Prall, of Yoder, Yoder, Zanoni, Flynn & Prall, of Bloomington, for appellant.

James R. Ensign, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

After 30 years of marriage, Myra Komnick, on October 21, 1977, filed a petition in the circuit court of McLean County for dissolution of marriage or, in the alternative, for legal separation from Loren Komnick. The court ordered dissolution of the marriage on April 6, 1978. After a hearing on the distribution of property and maintenance,

the court ordered that the petitioner, with conditions not relevant here, be given use for life of the marital home, which is held in joint tenancy by the respondent and his mother. She was also given a one-half ownership interest in a life insurance policy in which the respondent was the assured. He was directed to retain her as the beneficiary and was ordered to pay $400 per month in periodic maintenance. In order to satisfy outstanding debts, the parties were also directed to sell a duplex owned by them in joint tenancy and to divide evenly whatever surplus remained.

The circuit court held that a 194-acre tract of farmland, in which the husband possessed an undivided one-half interest in fee simple subject to a life estate in his mother, was nonmarital property and therefore would be his separate property after dissolution of the marriage. This land had been devised to the respondent in 1965. The petitioner did not claim that the tract itself was marital property, but she argued unsuccessfully that its appreciation in value between the date it was acquired by the respondent in 1965 and the date of dissolution in 1978 should be considered marital property and accordingly subject to equitable distribution.

The petitioner appealed to the appellate court from that portion of the court's order which held that the tract's appreciated value was nonmarital property. The respondent cross-appealed from the order as to maintenance, use of the marital home, and the assignment to the petitioner of the one-half interest in the insurance policy. The appellate court reversed the judgment of the circuit court, holding that the appreciation in value of the 194 acres was to be considered marital property under section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503) and therefore distributable in just proportions to each party (78 Ill. App. 3d 599). The court did not address the issues

presented in the cross-appeal, saying that these questions might become moot when the trial court, upon remandment, altered its order of distribution of the marital property. We granted the respondent's petition for leave to appeal. 73 Ill. 2d R. 315.

Between 1956 and 1965, the respondent, his father and uncle worked the 194-acre farm (which the uncle owned), equally dividing the profits. As stated, in 1965 at the death of his uncle, the respondent was devised an undivided one-half fee-simple interest in the farm, subject to a life estate in his mother. He continued to farm the land from 1966 to 1973 under an arrangement by which he received a one-third share and his mother a two-thirds share in the profits. In 1973 the respondent discontinued farming and a tenant operated the farm. The profits, less the tenant's share, were divided evenly between the respondent and his mother.

It was stipulated that in 1965, when the respondent inherited his interest, the farm was valued at $800 per acre. In May of 1979, at the property hearing following the dissolution order, it was agreed that the value per acre was $3,700, which indicated an increase of $511,373 in value for the total acreage. The parties also stipulated that this appreciation was substantially attributable to external economic factors and not to any capital improvements made upon the land. There is no contention that the petitioner contributed to the appreciation in value. The only question for us is whether this appreciation in value of property, which under our act was nonmarital property though acquired during marriage, is to be considered marital property.

Nonmarital and marital property are to be distributed by the court upon the dissolution of marriage under section 503 of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1977, ch. 40, par. 503.) Under this section all property acquired after marriage is

presumed to be marital (Ill. Rev. Stat. 1977, ch. 40, par. 503(b)) and therefore subject to apportionment unless it is one of the six exceptions declared in section 503(a) to be nonmarital property. This section provides:

> "(a) For purposes of this Act, marital property means all property acquired by either spouse subsequent to the marriage, except the following, which is known as non-marital property:
>
> (1) property acquired by gift, bequest, devise or descent;
>
> (2) property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise or descent;
>
> (3) property acquired by a spouse after a judgment of legal separation;
>
> (4) property excluded by valid agreement of the parties;
>
> (5) the increase in value of property acquired before the marriage; and
>
> (6) property acquired before the marriage." Ill. Rev. Stat. 1977, ch. 40, par. 503(a).

The respondent argues that property, for purposes of the Act, when acquired through devise, remains nonmarital property regardless of whether it appreciates or depreciates in value and thus the farm must be considered his separate property. The respondent says that to hold an inflationary appreciation in value of such property to be marital property would be contrary to the intendment of the Act. That design, he contends, is to distribute marital property only upon a "shared enterprise" basis.

The petitioner acknowledges that, since the respondent acquired the farmland by devise, it was properly determined by the circuit court to be nonmarital property. To support her contention that the stipulated appreciation in value is to be considered marital property, the petitioner relies upon the rule of construction, *expressio unius est exclusio alterius,* or broadly, when one of a class is expressly mentioned, others of the class are to be considered

excluded. She notes that the legislature, in section 503(a)(5), specifically excepted as marital property any appreciation in value of property acquired before marriage. Since no exception for the appreciation in value of property acquired after marriage appears in section 503, the petitioner claims that a post-marital appreciation is to be considered marital property. This contention, she submits, is consistent with the legislative design under the new act, in which, she maintains, the emphasis is upon an equitable division of marital assets.

Our present Illinois Marriage and Dissolution of Marriage Act, which became effective in 1977 (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*), in its provisions for the distribution of property upon the dissolution of marriage, regards the marriage relationship as a shared enterprise or a partnership agreement. Thus, under the Uniform Marriage and Divorce Act, from which our section 503 is drawn, the distribution of property is based in part on the contributions of each spouse to the marital relationship as well as to the accumulation of wealth or property. (See Handbook of the National Conference of Commissioners on Uniform State Laws 203 (1970); Krauskopf, *A Theory for "Just" Division of Marital Property in Missouri*, 41 Mo. L. Rev. 165 (1976).) This court in *In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, considering section 503(c) of the Act, ordered that the trial court, in dividing marital property equitably or in "just proportions," must take into account not only the monetary contributions of each spouse but must recognize substantial contributions made by a spouse as homemaker and parent. The decision in essence recognized the importance of viewing the marital relationship as a shared enterprise upon which the distribution of marital property should be based. This notion of shared enterprise or partnership and the equitable division of property appears in decisions in other jurisdictions. See, *e.g., Rothman v. Rothman* (1974), 65 N.J. 219, 229,

320 A.2d 496, 501; *Parsons v. Parsons* (1975), 68 Wis. 2d 744, 754, 229 N.W.2d 629, 634, relying upon *Lacey v. Lacey* (1970), 45 Wis. 2d 378, 382-83, 173 N.W.2d 142, 144-45.

This shared-enterprise or partnership notion underlies the presumption that all property acquired by either spouse after marriage is presumed to be marital property unless excepted under section 503(a). Similarly, under section 503(a) property which is acquired, for example, by gift or inheritance, is deemed to be nonmarital property because demonstrably it was not obtained through any joint enterprise but through an independent source.

Considering this intendment of the Act, we find nothing in it to support the argument that an appreciation in value of nonmarital property acquired by devise takes on the character of marital property notwithstanding the fact that the property has not been improved or changed and has increased in value without any action of the marital parties. The petitioner's advancing the rule of construction *expressio unius est exclusio alterius* does not change our conclusion. Aids to statutory construction are designed to ascertain and not to override the intent of the legislature. (See 2A Sutherland, Statutes and Statutory Construction secs. 57.01 through 57.10 (1973).) The 194-acre farm obtained by devise in 1965 unquestionably was nonmarital property under the Act. That it appreciated in value over a 13-year period is not of consequence where the increase was due solely to inflationary factors. Its character remains the same.

This was the conclusion reached too by the Missouri Court of Appeals in *Hull v. Hull* (Mo. App. 1979), 591 S.W.2d 376. There the husband, an attorney, was granted two tracts of farmland after his marriage as a gift from a client. The value of the property increased threefold during the marriage. In applying a Missouri statute which is virtually identical to our section 503(a) (see Mo. Rev. Stat.

sec. 452.330(2) (Supp. 1979)), the court rejected the wife's contention that the increase in value of property acquired after the marriage was marital property. The court stated: "The statutory directives for identification of marital and nonmarital property do not, as the wife here suggests, contemplate any subclassification whereby an asset in part partakes of the attributes of nonmarital property and in part is considered marital property." (591 S.W.2d 376, 381.) Citing three supporting decisions, the court declared that "[t]hese authorities and the language of the statute require the conclusion that assets which are separate property retain that identity and are not subject to division by the court in a dissolution of marriage action regardless of changes in value by appreciation or depreciation." (591 S.W.2d 376, 381.) The cases cited are *Davis v. Davis* (Mo. App. 1976), 544 S.W.2d 259, *Stark v. Stark* (Mo. App. 1976), 539 S.W.2d 779, and *Conrad v. Bowers* (Mo. App. 1975), 533 S.W.2d 614.

In concluding that the appreciation of the value of nonmarital property acquired by devise is to be regarded as nonmarital property, we are not saying, however, that there cannot be circumstances which would entitle the other spouse to share in the appreciation. Though the nonmarital property and its appreciated value remain the separate asset of the spouse who received it subsequent to the marriage, a court, relying upon evidentiary proof, would have to distribute the marital property of the couple in a manner that would reflect the measure of contributions of the spouses. (See, *e.g., Angel v. Angel* (Ky. App. 1978), 562 S.W.2d 661. See also Krauskopf, *A Theory for "Just" Division of Marital Property in Missouri,* 41 Mo. L. Rev. 165 (1976).) Our act requires a court, in dividing marital property in just proportions, to take into account "the contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital and non-

marital property, including the contribution of a spouse as a homemaker or to the family unit." Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(1).

For the reasons given, the judgment of the appellate court is reversed and the cause is remanded to that court for its consideration of the issues presented on the respondent's cross appeal.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.