KATHRYN C. MOCHIDA, Plaintiff-Appellant, *v.* IVAN S. MOCHIDA, Defendant-Appellee

NO. 9672

(FC-D NO. 11195)

NOVEMBER 19, 1984

BURNS, C. J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

In this divorce action, plaintiff Kathryn C. Mochida (Wife) appeals that portion of the lower court's decree awarding the house and lot (residence) to defendant Ivan S. Mochida (Husband) subject to the mortgage and ordering Husband to pay Wife $9,750 as her share thereof. We affirm.

Husband purchased a parcel of land in 1974 and constructed and furnished a house on it. Husband and Wife were married on August 28, 1976 and thereafter lived in the house. At the time of the marriage, the residence had a value of $84,500 ($85,500 minus $1,000 for closing costs if it were sold) subject to a mortgage in excess of $47,000.[1] By deed dated September 24, 1981, Husband conveyed the residence to Husband and Wife as tenants by the

---

[1] We are unable to determine from the record the amount due on the mortgage at the time of the marriage. Thus, we have no alternative but to use $47,000 as the amount.

entirety. There is no evidence in the record of the value of the residence or the amount due on the mortgage as of that time. Wife filed her complaint for divorce on May 26, 1983. At the time of the divorce in November 1983, the residence was worth $104,000 ($105,000 minus $1,000 for closing costs if it were sold) subject to a $47,000 mortgage.

The lower court awarded the residence to Husband subject to the mortgage and required him to pay Wife $9,750 as her share thereof. Thus, Husband was awarded a net value of $47,250 ($104,000 minus $47,000 minus $9,750) and Wife was awarded a net value of $9,750 ($104,000 minus $84,500 divided by two or $57,000 minus $37,500 divided by two).

This case involves three categories of net values as follows:

1. The less than $37,500 net value of the residence at the date of marriage.[2]

2. The net value of the residence on September 24, 1981 when Husband conveyed the property to Husband and Wife.

3. The $57,000 net value of the residence at the time of divorce.

This case also involves the application of various general rules of equitable distribution as follows:

1. As a general rule, it is equitable to award each divorcing party the date of marriage net value of the property that he or she brought into the marriage. *Raupp v. Raupp,* 3 Haw. App. 602, 658 P.2d 329 (1983).

2. As a general rule, it is equitable to award each divorcing party the date of acquisition net value of the property that he or she received during the marriage by gift or inheritance. *Id.*

3. At this time there is no general rule governing the division of the net increase in value during the marriage of property separately owned at the time of divorce. *Takara v. Takara,* 4 Haw. App. 68, 660 P.2d 529 (1983).

4. As a general rule, it is equitable to award each party one-half of the net value of property jointly owned at the time of divorce. *Id.*

---

[2] See footnote 1, *supra.*

Prior to its conveyance to Husband and Wife, the residence was covered by rules 1 and 3, *supra.* Wife contends that after its conveyance to Husband and Wife the residence was covered by rules 2 and 4, *supra,* and its net value should have been divided equally.

However, Husband testified that by using threats Wife "forced" him to place the residence in their joint names. Based on that evidence the family court disregarded the conveyance and awarded the residence as if the conveyance had never been made. We find no error in that decision.

Affirmed.

*Katsuya Yamada* on the brief for plaintiff-appellant.

*Jeffrey Choi* and *Matthew G. Jewel (Cook, Choi, Quitiquit, Crudele & Matsukawa* of counsel) on the brief for defendant-appellee.