**Helen Smith BURKE, Plaintiff and Respondent,**

v.

**Edward BURKE, Jr., Defendant and Appellant.**

**No. 19607.**

Supreme Court of Utah.

Feb. 3, 1987.

Kathryn Schuler Denholm, Salt Lake City, for defendant and appellant.

Rulon Price, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant challenges the property division provisions of a decree of divorce which denied him a share of plaintiff's inheritance. He also challenges the trial court's valuation of a residence awarded to him and the order that he satisfy a lien placed thereon in favor of plaintiff within one year.

The parties were married in 1969. Both engaged in full-time employment throughout the marriage and maintained separate bank accounts. No children were born of the marriage, but each party had adult children of previous marriages. Plaintiff initiated divorce proceedings in 1982.

In 1979, plaintiff inherited three and one-half acres of unimproved land from the estate of her mother. No improvements were made upon the property and the parties did nothing to enhance its value. At the time of inheritance, the property had a value of less than $5,000. However, at the time of the divorce it had appreciated in value to $35,000 per acre due solely to inflation in real estate values in that area.

At trial, the parties stipulated that they had already divided their personal property and that defendant should pay plaintiff $15,000 to equalize the dollar value of the division. The parties further stipulated that the equity in a residence acquired during the marriage be determined by the trial court and divided equally between them. The parties also joined in a motion at trial to have an appraiser appointed by the court; no appraisal had yet been obtained on the residence by reason of the inability of the parties to agree upon a common appraiser. Defendant, however, then asked the court to defer its ruling on the motion until after the parties' evidence concerning the value of the residence was presented at trial. The court complied and, at the conclusion of the trial, denied the motion, reasoning that the evidence of value presented by the parties was sufficient to support a determination of the value of the residence.

Defendant first contends that while it was proper for the court to preserve plaintiff's ownership of the property she inherited, any appreciation in its value during the marriage became a part of the marital estate in which he is entitled to share. The version of the statute governing the disposition of property at the time of the divorce decree was couched in broad general terms without limitation;[1] when the decree was entered, U.C.A., 1953, § 30–3–5(1) (2d Repl. Vol. 3, 1976 ed., Supp.1983) (amended 1984 & 1985) provided that "when a decree of divorce is made, the court may make such orders in relation to the ... property ... of the parties ... as may be equitable." This Court has followed that statutory mandate on numerous occasions and has consistently concluded that it conferred broad discretion upon trial courts in the division of

---

1. *Englert v. Englert,* 576 P.2d 1274, 1276 (Utah 1978).

property, regardless of its source or time of acquisition.[2]

■ In the exercise of their discretion, trial courts need be guided by the general purpose to be achieved by a property division, which is to allocate the property in a manner which best serves the needs of the parties and best permits them to pursue their separate lives.[3]

■ Premarital property, gifts, and inheritances may be viewed as separate property, and in appropriate circumstances, equity will require that each party retain the separate property brought to the marriage.[4] However, the rule is not invariable.[5] In fashioning an equitable property division, trial courts need consider all of the pertinent circumstances.[6] The factors generally to be considered are the amount and kind of property to be divided; whether the property was acquired before or during the marriage; the source of the property; the health of the parties; the parties' standard of living, respective financial conditions, needs, and earning capacity; the duration of the marriage; the children of the marriage; the parties' ages at time of marriage and of divorce; what the parties gave up by the marriage; and the necessary relationship the property division has with the amount of alimony and child support to be awarded.[7] Of particular concern in a case such as this is whether one spouse has made any contribution toward the growth of the separate assets of the other spouse[8] and whether the assets were accumulated or enhanced by the joint efforts of the parties.[9]

■ Application of the foregoing principles of law to the facts of this case prompts the conclusion that the trial court did not abuse its discretion in declining to award defendant a portion of plaintiff's inheritance. None of the pertinent facts and circumstances of this case call into play any equitable principle that requires plaintiff to share her inheritance with defendant. Furthermore, except for having urged plaintiff to take her inheritance in land rather than in cash, defendant concedes that he made no contribution toward the increase in value of the acreage in question and that the income came solely from the effects of inflation on land values.

Defendant asserts that the Court laid down a rule of law in *Preston v. Preston*[10] which is inconsistent with prior case law and that the trial court erred in following that case. However, no such inconsistency is contained in *Preston*. On the contrary, *Preston* stands for the same proposition espoused in numerous other cases cited in this opinion, namely, that in appropriate circumstances equity requires that each party recover the separate property brought into or received during the marriage.

The facts of *Preston* closely parallel the facts in the instant case except that in *Preston*, both parties brought substantial assets to the marriage: the marriage was of a relatively short duration; both parties

---

2. *Englert*, 576 P.2d at 1275–76 (retirement benefits); *Searle v. Searle*, 522 P.2d 697, 700 (Utah 1974) (marital and premarital realty and personalty); *Weaver v. Weaver*, 21 Utah 2d 166, 168, 442 P.2d 928, 929 (1968) (stock acquired by purchase and gift); *see Savage v. Savage*, 658 P.2d 1201, 1203 (Utah 1983) (premarital stock interests in family corporation); *Workman v. Workman*, 652 P.2d 931, 933 (Utah 1982) (assuming premarital gift of realty); *Bushell v. Bushell*, 649 P.2d 85, 87 (Utah 1982) (premarital farm land); *Jesperson v. Jesperson*, 610 P.2d 326, 328–29 (Utah 1980) (premarital personalty); *Dubois v. Dubois*, 29 Utah 2d 75, 76–77, 504 P.2d 1380, 1381 (1973) (monetary gifts from wife's relatives).

3. *Read v. Read*, 594 P.2d 871, 872 (Utah 1979).

4. *Preston v. Preston*, 646 P.2d 705, 706 (Utah 1982).

5. *Workman*, 652 P.2d at 933.

6. *Englert*, 576 P.2d at 1276.

7. *Searle*, 522 P.2d at 698; *MacDonald v. MacDonald*, 120 Utah 573, 581–82, 236 P.2d 1066, 1070 (1951); *Pinion v. Pinion*, 92 Utah 255, 259–60, 67 P.2d 265, 267 (1937).

8. *See Dubois*, 29 Utah 2d at 76, 504 P.2d at 1381.

9. *Preston*, 646 P.2d at 706; *Jesperson*, 610 P.2d at 328; *see Bushell*, 649 P.2d at 86–87.

10. 646 P.2d 705.

had children of prior marriages; and the wife's assets included an inheritance received during the marriage. Under these circumstances, and in the absence of any effort expended by the husband, either to accumulate or enhance the value of the wife's separate property, the husband in *Preston* was denied a share of his wife's inheritance, just as was done in the instant case.[11] The trial court did not err in relying upon *Preston* to support its ruling.

Defendant's remaining contentions on appeal are that the trial court arbitrarily determined the value of the equity in the residence of the parties and that it was inequitable to require him to pay plaintiff her share of the marital estate within one year.

At trial, plaintiff estimated the value of the residence from $125,000 to $150,000 while defendant's estimate was from $96,000 to $101,000. Thereupon, the court averaged the lower value of each of the two estimates and arrived at the value of $110,500. The mortgage balance of $53,200 was deducted therefrom, leaving a net equity of $57,300 which the court divided equally, $28,650 to each. The court added to plaintiff's share of the equity the $15,000 agreed upon by the parties as the sum necessary to equalize the prior distribution of personal property. The court then awarded the residence to defendant and placed a lien thereon in favor of plaintiff in the amount of $43,650, payable within one year.

Following judgment, defendant obtained an appraisal which he attached to a motion for a new trial. The appraisal valued the residence at $108,000. Defendant now contends that the failure of the trial court to grant a new trial or amend the judgment based on the appraisal denied him $1,250 to which he is entitled, that this Court should permit him to defer payment of plaintiff's equity until the residence is sold, and that the amount of equity to be paid should be based on the sale price.

Assuming *arguendo* that the appraisal obtained after trial was properly before the court, the disparity between the valuation determined by the court and the belated appraisal was only 2.3 percent, an acceptable variance. The valuation placed on the property by the court was reasonable and proper and did not constitute an abuse of discretion.

In regard to the one-year limitation imposed for the payment of plaintiff's lien on the residence, that matter was not advanced as an issue at trial, nor was it raised as an issue at the time of the motion for a new trial. There is thus no evidence of record that would support a conclusion that the trial court abused its discretion. The only reference in the record which pertains thereto came at the time the court announced its judgment. Counsel for plaintiff requested the court to clarify its order as to the time of payment of the lien, suggesting that because of the age of the parties, payment should be made soon. In response thereto, and presumably because of the age of the parties, the court reiterated that payment was to be made within one year. The court did not abuse its discretion in making that order. Furthermore, since defendant was required to pay plaintiff within one year, and the residence would not necessarily have been sold within that period, the court did not abuse its discretion by calculating plaintiff's equity based upon the estimated value of the residence.

Affirmed and remanded for a determination of attorney fees and costs on appeal.

STEWART, HOWE, DURHAM, and ZIMMERMAN, JJ., concur.

11. *Id.* at 706.