**Hermona Jane MORTENSEN,
Plaintiff and Appellee,**

v.

**Kay Sherman MORTENSEN,
Defendant and Appellant.**

**No. 19328.**

Supreme Court of Utah.

Aug. 16, 1988.

Richard B. Johnson, Provo, for defendant and appellant.

Michael D. Esplin, Provo, for plaintiff and appellee.

HOWE, Associate Chief Justice:

This case presents for determination the question of what disposition should be made in a divorce decree of property given to one of the parties to the marriage by his or her family during the course of the marriage.

Plaintiff Hermona Jane Mortensen and defendant Kay Sherman Mortensen were married on June 18, 1959, when they were eighteen and nineteen years of age, respectively. Neither brought any substantial assets into the marriage. In 1969, defendant's parents, who owned a farm, organized a corporation to which they conveyed the farm. They issued 50 percent of the stock to themselves and the remaining 50 percent to their five children in equal shares. A certificate of stock bearing defendant's name alone was issued to him for his 10 percent of the outstanding shares. Plaintiff has had no involvement with the corporation except that she served as its secretary for six months, during which time she performed some nominal secretarial work.

Plaintiff brought this action for divorce. At the end of the trial, the court granted her a divorce, but suggested to counsel for both parties that they attempt to agree on a division of the property and on the amount of child support and alimony, if any. Counsel agreed to do so, but requested that the court first guide them by deciding whether the shares of stock given to defendant by his parents should be considered by them in their negotiation. The court took the question under advisement and, after reading trial memoranda provided by counsel, ruled that the stock "is property of the marriage and should be taken into consideration by the court in dividing all marital property on a fair and equitable basis." Thereafter, the parties stipulated to a division of their property which gave all of the shares of stock to defendant, but gave about two-thirds in value of the remaining property to plaintiff, including their major asset, their house and lot which had been fully paid for. They also stipulated to amounts of child support for the three minor children and that plaintiff should be awarded no alimony. The stipulation was made subject to the right of defendant to appeal to this Court the trial court's ruling quoted above concerning the shares of stock. The court accepted and approved the stipulation, which was incorporated into a decree of divorce.

Utah Code Ann. § 30–3–5 (1984, Supp. 1988) tersely provides: "When a decree of divorce is rendered, the court may include in it equitable orders relating to the children, property, and parties." "Property" is nowhere defined in our divorce code. In *Weaver v. Weaver*, 21 Utah 2d 166, 442 P.2d 928 (1968), we rejected the contention of the defendant husband that shares of stock which had been given to him by his father and sister should not have been treated by the trial court as part of the marital estate and divided between him and his plaintiff wife. We did so without any analysis of the issue and based our decision on the oft-repeated rule that under section 30–3–5, there is no fixed rule or formula for the division of property, the trial court has wide discretion in property division,

and its judgment will not be disturbed on appeal unless an abuse of discretion can be demonstrated. In that case, however, the wife was awarded no alimony and was directed to pay her own attorney fees and costs, even though she was totally disabled. More recently in *Bushell v. Bushell*, 649 P.2d 85 (Utah 1982), the defendant husband's father had given him fourteen acres of land during the marriage. In a divorce action brought by the plaintiff wife, we affirmed the trial court's division of property which awarded her one acre of that land upon which the parties placed a mobile home in which they lived. She was also given the right to use the remaining thirteen acres for farming and for her livestock for seven and one-half years to assist in providing support for the minor children and herself. Similarly, in *Dubois v. Dubois*, 29 Utah 2d 75, 504 P.2d 1380 (1973), we were unable to find any abuse of discretion in the division of a marital estate totalling $588,581 which awarded to the plaintiff wife 60 percent thereof, even though "the greater part of the nucleus of this estate was the result of investment and reinvestment of gifts from the plaintiff's relatives." The defendant husband had appealed the division because the trial court had not taken into consideration that the wife was a beneficiary of the estate of her uncle who died after the divorce action was filed but before trial. This Court made no specific comment on that issue and affirmed the property division but reversed the award of alimony made by the trial court, since the wife could maintain herself on the income from the property awarded her.

In contrast to the above cases, we have on a number of occasions affirmed a division of property made by the trial court which awarded to one spouse property which he or she inherited during the marriage. For example in *Preston v. Preston*, 646 P.2d 705, 706 (Utah 1982), we affirmed a divorce decree awarding to each party, in general, the real and personal property he or she brought to the marriage or inherited during the marriage. We there said:

> Following the principle we have approved in cases like *Georgedes v. Georgedes*,

Utah, 627 P.2d 44 (1981); *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980); and *Humphreys v. Humphreys*, Utah, 520 P.2d 193 (1974), the district court concluded that each party should, in general, receive the real and personal property he or she brought to the marriage or inherited during the marriage.

Again, in *Burke v. Burke*, 733 P.2d 133 (Utah 1987), the plaintiff wife, ten years into the marriage, inherited from her mother's estate three and one-half acres of unimproved land then worth less than $5,000. Although no improvements were made to the property nor any effort was expended by either party, the property had appreciated at the time of divorce to $35,000 per acre. The trial court awarded the property solely to the plaintiff wife, giving the defendant husband no part of the land's original value or appreciation during the marriage. This Court refused to disturb that award. A few months later, we decided *Newmeyer v. Newmeyer*, 745 P.2d 1276 (Utah 1987), where the plaintiff invested in houses money she had inherited early in the marriage. During their twenty-year marriage, the parties owned three houses in succession. During the holding periods, each house appreciated in value. Upon divorce, the plaintiff wife was credited with the amount of her inheritances that went into the houses, but the parties equally shared the appreciation of the value of the houses. We found no abuse of discretion in that arrangement. See also *Argyle v. Argyle*, 688 P.2d 468 (Utah 1984), where the defendant husband was credited with the amount of a gift of land received from his mother during the marriage.

Some of the above cases in which gifts or inheritances received by one of the parties to the marriage were treated differently can be reconciled because of the effort made by the nondonee or nonheir spouse to preserve or augment the asset, *Dubois v. Dubois, supra*, or because of the lack of such effort, *Burke v. Burke, supra*. Also, in *Weaver v. Weaver, supra*, the award to the wife of part of the assets given to the husband during the marriage by his family was in lieu of alimony and attorney fees.

Significantly, no case has been found where this Court has reversed a trial court's disposition of gifts or inherited property received by one party during the marriage. In almost every case, we have emphasized the wide discretion trial courts have in property division and have refrained from laying down any general rules for the disposition of gifts and inherited property.

A review of the law in other jurisdictions discloses that generally property acquired by one spouse by gift or inheritance during the marriage is awarded wholly to that spouse upon divorce unless the other spouse has contributed to the augmentation, improvement, or operation of the property or has significantly cared for, protected, or preserved it, thereby acquiring an equitable interest in the property. In some states, this rule is aided by or based on statute. *Bailey v. Bailey,* 250 Ga. 15, 295 S.E.2d 304 (1982); *Klingberg v. Klingberg,* 68 Ill.App.3d 513, 25 Ill.Dec. 246, 386 N.E.2d 517 (1979); *In re Marriage of Pitluck,* 616 S.W.2d 861 (Mo.Ct.App.1981); *In re Marriage of Herron,* 186 Mont. 396, 608 P.2d 97 (1980); *In the Matter of the Marriage of Pierson,* 294 Or. 117, 653 P.2d 1258 (1982); *Hussey v. Hussey,* 280 S.C. 418, 312 S.E.2d 267 (Ct.App.1984); *Wierman v. Wierman,* 130 Wis.2d 425, 387 N.W.2d 744 (1986). In other states, the rule is founded on case law holding that although trial courts have wide discretion in the division of property, which discretion will be disturbed on appeal only if it has been abused, as a general rule an equitable and fair distribution of property requires that gifts and inheritances be retained by the donee or heir spouse. *Raupp v. Raupp,* 3 Haw.App. 602, 658 P.2d 329 (1983); *Van Newkirk v. Van Newkirk,* 212 Neb. 730, 325 N.W.2d 832 (1982). In *Hussey v. Hussey, supra,* the court noted that a substantial majority of states exclude inherited property from the marital estate of the parties, citing Baxter, *Marital Property* § 41:8 (Supp.1983); *see now* Supp. 1987. It justified that policy on the ground that "property which comes to either party by avenues other than as a consequence of their mutual efforts owes nothing to the marriage and is not intended to be shared." *Hussey,* 312 S.E.2d at 270. The same court further observed:

> Finally, we are mindful that the inclusion of inherited property in the marital estate subjects it to being removed from the natural line of succession, thus thwarting the desire of the persons who acquired it and passed it on to the spouse in possession. At the same time, the spouse who made no contribution toward acquisition of the property benefits from the windfall award.

*Hussey,* 312 S.E.2d at 270.

The rule that property acquired by gift or inheritance by one spouse should be awarded to that spouse on divorce unless the other spouse has, by his or her efforts with regard to the property, acquired an equity in it does not apply when the property thus acquired is consumed, such as when a gift or an inheritance of money is used for family purposes, *In re Marriage of Metcalf,* 183 Mont. 266, 598 P.2d 1140 (1979); when the property completely loses its identity and is not traceable because it is commingled with other property (sometimes called transmuted), *Wierman v. Wierman, supra; Klingberg v. Klingberg, supra; Agent v. Agent,* 604 P.2d 862 (Okla. Ct.App.1979); or when the acquiring spouse places title in their joint names in such a manner as to evidence an intent to make it marital property. *Hussey v. Hussey, supra.* See also *Van Newkirk v. Van Newkirk, supra,* where the court determined that shares in a mutual fund were actually given to both husband and wife by the wife's parents.

Some jurisdictions which award property acquired by one spouse by gift or inheritance also award to him or her any appreciation of that property during marriage due to inflation. *Van Newkirk v. Van Newkirk, supra; In re Marriage of Komnick,* 84 Ill.2d 89, 49 Ill.Dec. 291, 417 N.E.2d 1305 (1981). Other jurisdictions do not always do so. *See Mochida v. Mochida,* 5 Haw.App. 348, 691 P.2d 771 (1984).

Once property acquired by gift or inheritance has been set over to the donee or heir spouse in accordance with the rules just

stated, the jurisdictions are in conflict as to how the nondonated and noninherited property (hereinafter called remaining property) should be divided. In *Van Newkirk v. Van Newkirk, supra,* the court held that the remaining property should be divided equitably between the parties apparently without regard to the fact that one party had been awarded his or her property acquired by gift or inheritance. (The court observed that generally the disparity in the division of the remaining property should not exceed two-thirds to one-third.) This view that the award to one spouse of his or her inheritances and gifts should not be a factor in the division of the remaining property was taken by two dissenting justices on the Oregon Supreme Court in *In the Matter of the Marriage of Pierson, supra.* Other courts, however, have taken the position that even though donated or inherited property is not subject to equitable division, it may properly be considered as a factor in determining what constitutes an equitable division of the remaining property. *Hussey v. Hussey, supra; In the Matter of the Marriage of Pierson, supra.* In the latter case, the remaining property was not evenly divided. The wife, who was awarded a farm she inherited during the marriage valued at over $100,000, received less than 50 percent of the remaining property in order to make the husband economically self-sufficient. The court observed:

> Where a decree cannot achieve all the objectives of a dissolution and at the same time divide property exactly evenly, the court should order a division of assets which is out of balance to the extent required for the accomplishment of the other purposes of the decree ..., as here, to enable both parties to begin post-marital life with a degree of economic self-sufficiency....

*Pierson,* 653 P.2d at 1262.

 We conclude that in Utah, trial courts making "equitable" property division pursuant to section 30-3-5 should, in accordance with the rule prevailing in most other jurisdictions and with the division made in many of our own cases, generally award property acquired by one spouse by gift and inheritance during the marriage (or property acquired in exchange thereof) to that spouse, together with any appreciation or enhancement of its value, unless (1) the other spouse has by his or her efforts or expense contributed to the enhancement, maintenance, or protection of that property, thereby acquiring an equitable interest in it, *Dubois v. Dubois, supra,* or (2) the property has been consumed or its identity lost through commingling or exchanges or where the acquiring spouse has made a gift of an interest therein to the other spouse. *Cf. Jesperson v. Jesperson,* 610 P.2d 326 (Utah 1980). An exception to this rule would be where part or all of the gift or inheritance is awarded to the nondonee or nonheir spouse in lieu of alimony as was done in *Weaver v. Weaver, supra.* The remaining property should be divided equitably between the parties as in other divorce cases, but not necessarily with strict mathematical equality. *Teece v. Teece,* 715 P.2d 106 (Utah 1986). However, in making that division, the donee or heir spouse should not lose the benefit of his or her gift or inheritance by the trial court's automatically or arbitrarily awarding the other spouse an equal amount of the remaining property which was acquired by their joint efforts to offset the gifts or inheritance. Any significant disparity in the division of the remaining property should be based on an equitable rationale other than on the sole fact that one spouse is awarded his or her gifts or inheritance. The fact that one spouse has inherited or donated property, particularly if it is income-producing, may properly be considered as eliminating or reducing the need for alimony by that spouse or as a source of income for the payment of child support or alimony (where awarded) by that spouse. Such property might also be utilized to provide housing for minor children or utilized in other extraordinary situations where equity so demands. These rules will preserve and give effect to the right that married persons have always had in this state to separately own and enjoy property. It also accords with the normal intent of donors or deceased persons that their gifts and inheritances should be kept within their family

and succession should not be diverted because of divorce.

■ Turning now to the instant case, based on the stipulation of the parties, defendant was awarded all of the stock. This was entirely proper since plaintiff does not claim that through any effort of hers, the value of the stock was in any way enhanced. Indeed, there was no evidence that the stock had appreciated in value. Defendant complains, however, that even though he was awarded the stock, because of the trial court's ruling that the stock "is property of the marriage and should be taken into consideration by the court in dividing all marital property on a fair and equitable basis," he was compelled to stipulate to a division of the remaining property which gave him less than he would have otherwise been entitled to. Defendant apparently assumes that had the trial court made the division of property, it would have, in view of its ruling stated above, given plaintiff an award of remaining property equal in amount to the value of the stock before giving defendant any of the remaining property.

We cannot agree with defendant's contention. We are not satisfied that by its ruling the trial court intended the meaning which defendant gives to it. In the first place, even though the stock should have been and was awarded to defendant, the trial court was technically correct in ruling that the stock was not without the purview of the court since it was "property" under Utah Code Ann. § 30–3–5. *Weaver v. Weaver, supra.* Secondly, the balance of the court's ruling is couched in general terms, leaving us without any way of knowing the extent of consideration the trial court in dividing the remaining property would have given to the fact that defendant was entitled to be awarded his stock. We cannot assume that the trial judge would have given improper consideration of, or too much weight to, that fact. Since the trial court did not actually make the division of property here but only accepted the division made by the parties themselves, we cannot presume that had the court made the division, it would have fallen into error.

We do point out that the division agreed upon by the parties would have been an equitable division had it been made by the trial court, even though it gave plaintiff approximately two-thirds of the property and defendant one-third, exclusive of the shares of stock. Thus, the trial court's vague ruling did not mislead defendant into stipulating to an inequitable division. Here, the parties married at a young age. The husband continued his education and finally obtained a Ph.D. degree in metallurgy. He teaches at a private university and earns a gross salary of approximately $2,560 per month. The parties have four children, one of whom had obtained his majority at the time of trial but was still living at home. After the birth of the last child, plaintiff went back to school and obtained a bachelor's degree with a teaching certificate. For five years prior to the trial, she had been employed as a public school teacher, earning approximately $1,300 gross per month. Despite the disparity in their educational achievement and their earnings, plaintiff waived all right to alimony and agreed to the payment of $150–per–month child support for each of the three minor children in her custody. Although there is scant evidence in the record concerning the extent of retirement benefits which the parties may later become entitled to, it would appear that defendant's retirement will be greater because of his higher salary and longer number of years in employment. Plaintiff was not awarded any part of defendant's retirement. In view of these factors, it would not have been inequitable for the trial court to award plaintiff two-thirds of the remaining property and defendant one-third, giving no weight at all to the fact that he received his shares of stock.

Defendant raises one further issue, that the decree signed by the trial court deviated from the oral stipulation the parties entered into the record. We find that the decree accurately reflected the intent of the parties, and the deviation from the exact language of the stipulation was of no consequence. In any event, the language

of the stipulation is not necessarily binding on the court. *Jackson v. Jackson,* 617 P.2d 338 (Utah 1980); *Klein v. Klein,* 544 P.2d 472 (Utah 1975); *Johnson v. Johnson,* 21 Utah 2d 23, 439 P.2d 843 (1968).

The decree of the trial court is affirmed.

HALL, C.J., and STEWART, J., concur.

ZIMMERMAN, Justice: (concurring).

I concur in the majority opinion, at least as I understand its scope. I write separately to explain that understanding. As I read the majority opinion, the rules articulated today require only that in the *usual* case not fitting within one of the exceptions spelled out by Justice Howe, property acquired by one spouse during the marriage through gift or inheritance should be awarded to that spouse upon divorce. I take this to be nothing more than a variation on the analogous rule applicable to property brought into the marriage by one party: in the usual case, that property is returned to that party at divorce, absent exigent circumstances. *Preston v. Preston,* 646 P.2d 705, 706 (Utah 1982). I certainly do not read the majority opinion as creating an exalted status for inherited or donated property that would effectively entail it or its value beyond the reach of a trial court fashioning a divorce decree.

The overarching general rule remains the same in any divorce case: to provide adequate support for the children of the marriage, *Race v. Race,* 740 P.2d 253, 256 (Utah 1987), and to divide the economic assets and income stream of the parties so as to permit both to maintain themselves after the marriage as nearly as possible at the standard of living enjoyed during the marriage. *See, e.g., Noble v. Noble,* 761 P.2d 1369, 1373 (Utah 1988). That standard ultimately determines how property and income should be allocated by the trial court in making property division, alimony, and child support orders. Where possible, interests of parties in their separate property, such as those described by Justice Howe, should be honored. For this reason, the rules articulated today, like those generally applicable to separate pre-marital property,

may limit somewhat the trial court's initial flexibility to allocate property of a marriage in a fashion so as to provide an entirely equitable portion to each party. But if, after an attempt is made to pay due deference to each party's claim to particular pieces of property by reason of their source, the court finds that it is unable to fashion a division of assets and awards of alimony and child support that will be just and equitable for both parties and the children, then it is free to ignore those claims in the greater interest in a just and equitable decree.

DURHAM, J., concurs in the concurring opinion of ZIMMERMAN, J.