**Ila Rae HOGUE, Plaintiff and Appellant,**

v.

**Jimmy HOGUE, Defendant and Appellee.**

No. 900593–CA.

Court of Appeals of Utah.

April 9, 1992.

Harry H. Souvall (argued), McRae and DeLand, Vernal, for plaintiff and appellant.

David Paul White (argued), Midvale, for defendant and appellee.

Before BENCH, BILLINGS and RUSSON, JJ.

## OPINION

RUSSON, Judge:

Ila Rae Hogue appeals the district court's decree awarding Jimmy Hogue an undivided one-half interest in real property which he conveyed to her prior to the couple's remarriage. We affirm.

Prior to the facts that gave rise to this action, the Hogues had been married and were subsequently divorced. Shortly after the first divorce, Mr. Hogue acquired a parcel of property (the ranch) upon which he built a house in Dry Fork Canyon, Uintah County. He purchased the property and built and furnished the ranch house with money from his business.

Following the first divorce in 1979, Mrs. Hogue went to work for Mr. Hogue as a secretary and bookkeeper in his business. The couple maintained solely a business relationship until 1981, when Mrs. Hogue moved into the ranch house with Mr. Hogue. In July 1982, Mr. and Mrs. Hogue jointly agreed that Mr. Hogue would convey, by quitclaim deed, sole ownership of the ranch to Mrs. Hogue as a means of protecting the property from Mr. Hogue's judgment creditors.

Mr. and Mrs. Hogue were married for a second time in August 1983. Prior to the marriage, the couple jointly executed a contract for the purchase of an eleven acre parcel adjoining the ranch property. Moreover, after Mr. and Mrs. Hogue were married, they jointly purchased other personal property for use on the ranch including vehicles, trailers, horses, training equipment, maintenance equipment, and household furnishings.

In July 1985, Mr. Hogue filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. In his sworn petition for bankruptcy relief, Mr. Hogue claimed no interest in the ranch which he had earlier conveyed to Mrs. Hogue.

Mr. and Mrs. Hogue were separated in January 1989, and in April 1989, Mrs. Hogue filed a complaint for divorce in the Eighth Judicial District Court, Uintah County. In granting the divorce, the district court awarded Mr. Hogue an undivided one-half interest in the ranch earlier conveyed to Mrs. Hogue. Mrs. Hogue appeals that decision.

■ The sole issue on appeal is whether the trial court erred in awarding Mr. Hogue an undivided one-half interest in the property that Mr. Hogue conveyed to Mrs. Hogue prior to their second marriage.[1] We have previously stated that there is "no fixed formula upon which to determine a division of properties in a divorce action." *Naranjo v. Naranjo*, 751 P.2d 1144, 1146 (Utah App.1988) (citation omitted). Thus, we afford the trial court "considerable latitude in adjusting financial and property interests, and its actions are entitled to a presumption of validity." *Id.* (citation omitted). Accordingly, changes will be made in a trial court's property division determination in a divorce action "only if there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, the evidence clearly preponderated against the findings, or such a serious inequity has resulted as to manifest a clear abuse of discretion." *Id.* (citations omitted).

Therefore, this court must determine whether the trial court abused its discretion in awarding Mr. Hogue a one-half interest in the ranch which was the separate, premarital property of Mrs. Hogue. In this regard, the Utah Supreme Court has held that:

> Premarital property, gifts, and inheritances may be viewed as separate property, and in appropriate circumstances, equity will require that each party retain the separate property brought to the marriage. However, that rule is not invariable. In fashioning an equitable property division, trial courts need consider all of the pertinent circumstances.

1. Mrs. Hogue mischaracterizes the issue in this case as one of judicial estoppel; however, judicial estoppel does not apply since Mr. Hogue does not dispute that Mrs. Hogue was the sole owner of the ranch prior to the equitable distribution in this divorce action.

The factors generally to be considered are the amount and kind of property to be divided; whether the property was acquired before or during the marriage; the source of the property; the health of the parties; the parties' standard of living, respective financial conditions, needs, and earning capacity; the duration of the marriage; the children of the marriage, the parties' ages at time of the marriage and of divorce; what the parties gave up by the marriage; and the necessary relationship the property division has with the amount of alimony and child support to be awarded. *Of particular concern in a case such as this is whether one spouse has made any contribution toward the growth of separate assets of the other spouse and whether the assets were accumulated or enhanced by the joint efforts of the parties.*

*Burke v. Burke,* 733 P.2d 133, 135 (Utah 1987) (emphasis added) (footnotes omitted); *accord Moon v. Moon,* 790 P.2d 52, 56 (Utah App.1990); *Naranjo,* 751 P.2d at 1147–48.

Furthermore, as stated in *Haumont v. Haumont,* 793 P.2d 421 (Utah App.1990):

In appropriate circumstances, one spouse may be awarded property which the other spouse brought into the marriage. The rationale behind this exception to the general rule is that "[m]arital property 'encompasses all of the assets of every nature possessed by the parties, whenever obtained and from whatever source derived,' " *Sorensen v. Sorensen,* 769 P.2d 820, 824 (Utah App.1989) (quoting *Gardner v. Gardner,* 748 P.2d 1076, 1078 (Utah 1988)), and that the trial court may, in the exercise of its broad discretion, divide the property equitably regardless of its source or time of acquisition.

*Id.* at 424 n. 1 (citations omitted).

■ Applying the foregoing law to the facts of this case, we determine that the trial court did not abuse its discretion in awarding Mr. Hogue an undivided one-half interest in Mrs. Hogue's premarital property. In awarding Mr. Hogue a one-half interest in the ranch, the district court, in its findings, plainly contemplated the relevant factors in formulating an equitable distribution of property between Mr. and Mrs. Hogue. Specifically, the court found that: (1) Mr. Hogue purchased the ranch exclusively with money from his business after his first divorce and before his second marriage to Mrs. Hogue; (2) Mr. and Mrs. Hogue jointly agreed upon the conveyance of the ranch to Mrs. Hogue as a means of protecting the property from Mr. Hogue's judgment creditors; (3) Mr. and Mrs. Hogue cohabited together at the ranch for several months prior to the conveyance of the ranch to Mrs. Hogue; (4) Mr. and Mrs. Hogue jointly contracted for the purchase of acreage adjoining the ranch, as well as purchasing vehicles, trailers, race horses and training and maintenance equipment to be used on the ranch; and (5) Mr. and Mrs. Hogue resided at and jointly maintained the ranch for approximately seven years after the conveyance to Mrs. Hogue.

The above findings clearly support the trial court's determination that the division of the ranch was reasonable and fair under the circumstances. Equity requires that Mr. Hogue be awarded an interest in the ranch, particularly since he purchased the ranch, conveyed it to Mrs. Hogue by joint agreement to avoid creditors, and resided at and maintained the ranch prior to and after his marriage to Mrs. Hogue. Accordingly, the district court did not abuse its discretion in awarding Mr. Hogue an undivided one-half interest in the ranch.

BENCH and BILLINGS, JJ., concur.