2014 UT App 283

## THE UTAH COURT OF APPEALS

TAMARA CHRISTIAN,
Petitioner and Appellant,

*v.*

BRIAN DANIEL CHRISTIAN,
Respondent and Appellee.

Memorandum Decision
No. 20130113-CA
Filed December 4, 2014

Fourth District Court, Provo Department
The Honorable Darold J. McDade
No. 114402812

Brent D. Young, Attorney for Appellant

Brian Daniel Christian, Appellee Pro Se

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and JOHN A.
PEARCE concurred.

VOROS, Judge:

¶ 1    Brian Daniel Christian (Husband) and Tamara Christian
(Wife) divorced in 2013. Wife appeals, asserting five claims of
error in distributing the marital estate. We affirm in part and
reverse in part.

¶ 2    First, Wife contends that the district court "abused its
discretion by failing to follow the statutor[ily] required analysis
to impute income." Because this issue requires statutory
interpretation, we review the district court's decision for
correctness. *See Lilly v. Lilly*, 2011 UT App 53, ¶ 6, 250 P.3d 994.

¶ 3    In contested cases, a district court may not impute income to a spouse unless after a hearing, the court "enters findings of fact as to the evidentiary basis for the imputation." Utah Code Ann. § 78B-12-203(7)(a) (LexisNexis 2012). The findings must be based on prescribed statutory factors, including the spouse's employment potential and probable earnings:

> If income is imputed to a [spouse], the income shall be based upon employment potential and probable earnings as derived from employment opportunities, work history, occupation qualifications, and prevailing earnings for persons of similar backgrounds in the community, or the median earnings for persons in the same occupation in the same geographical area as found in the statistics maintained by the Bureau of Labor Statistics.

*Id.* § 78B-12-203(7)(b). "[T]he imputation analysis . . . involves determining whether the [spouse] is voluntarily unemployed or underemployed and, if so, how much income ought to be imputed." *Busche v. Busche*, 2012 UT App 16, ¶ 13, 272 P.3d 748. A spouse is "voluntarily unemployed or underemployed when [he or she] intentionally chooses of his or her own free will to become unemployed or underemployed." *Id*. ¶ 16 (alteration in original) (citation and internal quotation marks omitted). "Therefore, the trial court must enter not just a finding of voluntary unemployment or underemployment but specific, detailed findings 'as to the evidentiary basis for the imputation.'" *Rayner v. Rayner*, 2013 UT App 269, ¶ 10, 316 P.3d 455 (quoting Utah Code Ann. § 78B-12-203(7)(a)) (reaffirming voluntariness requirement despite statutory amendment deleting the reference to voluntariness).

¶ 4    Here, the district court imputed a gross monthly income to Wife based on full-time work without addressing her ability to obtain full-time employment. Wife worked part-time at a video-rental store for a period during the marriage and began working part-time as an editor after the couple's separation.

Although the court found that "[Wife] is an able-bodied person capable of working full time," the record contains no evidence that Wife has ever worked full time. However, the record does contain evidence that Wife has sought full-time employment without success. Because the district court must enter "findings of fact as to the evidentiary basis for the imputation," and because the record does not clearly indicate that Wife was voluntarily underemployed, we remand the case so the district court may elucidate the evidentiary basis for the imputation or, absent an evidentiary basis, adjust the decree as it sees fit. *See* Utah Code Ann. § 78B-12-203(7)(a).

¶ 5    Second, Wife contends that the district court "abused its discretion by finding [Husband] was entitled to an ownership interest" in the house deeded solely to her. District courts have "considerable discretion in determining . . . property distribution in divorce cases, and will be upheld on appeal unless a clear and prejudicial abuse of discretion is demonstrated." *Stonehocker v. Stonehocker*, 2008 UT App 11, ¶ 8, 176 P.3d 476 (omission in original) (citation and internal quotation marks omitted). When dividing property in divorce, "[e]ach party is presumed to be entitled to . . . fifty percent of the marital property." *Burt v. Burt*, 799 P.2d 1166, 1172 (Utah Ct. App. 1990). Property acquired by inheritance during the marriage is generally awarded to the inheriting spouse. *Mortensen v. Mortensen*, 760 P.2d 304, 308 (Utah 1988). But the general rule is subject to at least two exceptions: "(1) the other spouse has by his or her efforts or expense contributed to the enhancement, maintenance, or protection of that property, thereby acquiring an equitable interest in it, . . . or (2) the property has been consumed or its identity lost through commingling or exchanges." *Id*.

¶ 6    Here, Wife challenges the district court's finding that Husband and Wife "treated and intended the home to be a marital asset." But she has not demonstrated that the district court improperly applied either exception. The record contains evidence supporting the district court's finding that Husband's efforts contributed to the enhancement, maintenance, or protection of that property. Husband provided a substantial

amount of labor for the "enhancement" and "maintenance" of the home. *See id*. In addition, Husband and Wife used over $15,000 "from the parties' co-mingled accounts" to remodel the kitchen. *See id.* Wife argues that because of the timing of Husband's contribution of labor, Husband should not receive an ownership interest in the home. But Wife has cited no caselaw or statutory law addressing how timing controls this analysis. Accordingly, she has not demonstrated that the district court exceeded its discretion by awarding Husband an interest in the property.

¶ 7    Third, Wife contends that, even assuming Husband merits some ownership interest in the house, the district court abused its discretion by awarding Husband a fifty-percent interest in the home when "[Husband]'s contribution was woefully disproportionate to the benefit he received."[1] Again, district courts "have considerable discretion in determining . . . property distribution in divorce cases, and will be upheld on appeal unless a clear and prejudicial abuse of discretion is demonstrated." *Stonehocker*, 2008 UT App 11, ¶ 8 (omission in original) (citation and internal quotation marks omitted).

¶ 8    Wife has not demonstrated a clear abuse of discretion here. First, she cites no caselaw addressing the division of separate property that has become marital property through a spouse's investment of effort. And in fact, the caselaw cuts against her. For example, in *Henshaw v. Henshaw,* the husband purchased ranch property with money received from his mother, but the district court categorized the property as marital property based on the wife's efforts in relation to it. *See* 2012 UT App 56, ¶¶ 16–17, 271 P.3d 837. Under the same deferential standard of review applicable here, we upheld the district court's finding that "exceptional circumstances" warranted

---

1. The district court also awarded Wife exclusive "use of the marital home until the parties' minor child turns eighteen (18) or graduates from high school, whichever is later."

giving the wife a 50% interest "in accordance with the presumption that marital property is divided evenly." *Id.* ¶ 18.

¶ 9 In *Henshaw*, neither the district court nor this court discussed whether an equal division of the ranch property was proportional to the parties' contributions. The husband argued the wife's contributions, "whatever they may have been, did not augment, enhance, or protect the ranch because the ranch actually declined in value during the marriage." *Id.* ¶ 20 n.7. But because the district court's ruling was based on the equities of the parties' circumstances rather than on a mathematical calculation, this court declined to consider the husband's argument that the wife was "only entitled to the amount that anything she did actually increased the value of the [r]anch." *Id.* (internal quotation marks omitted).

¶ 10 The present case presents a similar situation. Wife assumes without analysis or citation to authority that if Husband's efforts qualify him for an equitable interest in the property, the district court must presume that Husband is entitled only to the proportion of the value of the property attributable to his efforts. *See id.* Furthermore, Wife has not established that the district court's award was so inequitable as to constitute an abuse of discretion. Accordingly, Wife has not discharged her burden on appeal to demonstrate trial court error. *See Salt Lake County v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 37 n.5, 297 P.3d 38.

¶ 11 Fourth, Wife contends that the district court "abused its discretion in awarding [Husband] the 2006 Dodge pickup truck." "Trial courts have considerable discretion in determining . . . property distribution in divorce cases, and will be upheld on appeal unless a clear and prejudicial abuse of discretion is demonstrated." *Stonehocker v. Stonehocker*, 2008 UT App 11, ¶ 8, 176 P.3d 476 (omission in original) (citation and internal quotation marks omitted). The Utah Rules of Appellate Procedure requires a party to support its contentions with citations to authority. Utah R. App. P. 24(a)(9). Wife's brief cites no legal authority in support of the argument and thus does not

demonstrate that the district court abused its "considerable discretion in determining . . . property distribution." *Stonehocker*, 2008 UT App 11, ¶ 8 (omission in original).

¶ 12 Finally, Wife contends that the district court's decision constitutes an abuse of discretion when "considered as a whole." We will uphold a district court's decision determining property distribution in divorce unless a clear and prejudicial abuse of discretion is demonstrated. *Id*. This final contention merely sums the preceding four claims already addressed. Wife contends that by considering the decision "as a whole," we should conclude that the district court abused its discretion. In support of this contention, Wife argues that the district court's decision did not address its reasoning for its division of the marital property. But the district court ruled that the home was marital property, a finding that explains the district court's rationale for dividing the value of the home between the parties. True, the district court did not articulate its exact reasoning in awarding the Dodge truck to Husband. However, the remaining property does not need to be divided with strict mathematical equality, but should be divided equitably. *See Mortensen v. Mortensen*, 760 P.2d 304, 308 (Utah 1988). Wife's contention does not show that the division was an abuse of discretion. Thus, Wife fails to demonstrate that the district court failed to divide the marital property "equitably between the parties." *Id.*

¶ 13 In conclusion, we remand the case for additional findings on the question of imputation of income, together with whatever, if any, adjustment in the district court's ruling it determines is appropriate in view of the additional findings. In all other respects, the ruling of the district court is affirmed.

_____