**Valyrie GIBBONS, Plaintiff and Respondent,**

v.

**Carl B. GIBBONS, Defendant and Appellant.**

**No. 17966.**

Supreme Court of Utah.

Oct. 5, 1982.

George B. Handy, Ogden, for defendant and appellant.

Pete N. Vlahos, Ogden, for plaintiff and respondent.

DURHAM, Justice:

On appeal from the trial court's decree of divorce, the defendant advances two points of error. First, the defendant argues that the trial court erred in finding that the defendant had only purchased the position of the plaintiff's ex-husband when he discharged the former husband's lien on her home. In his second point, the defendant argues that the trial court abused its discretion by awarding the plaintiff attorney's fees of $1,000, and ordering "payment" thereof by cancellation of the $1,000 debt owed the defendant by the plaintiff. We affirm the actions of the trial court.

The parties' marriage of approximately fourteen months began on August 31, 1979. Each of the parties had been previously married to other persons and have children by such marriages. During and after their prior marriages, each of the parties had acquired numerous assets and bank accounts. During the present marriage, the defendant earned an annual salary of approximately $36,000, plus an annual expense account of approximately $8,000, and the plaintiff earned an annual salary of approximately $12,000, plus $3,000 per year in child support.

From her former marriage, the plaintiff was awarded a house located in Roy, Utah. At the time of this marriage, plaintiff's house was subject to a lien of approximately $17,000, which represented the equitable interest of her ex-husband. According to the plaintiff's prior divorce decree, her first husband's lien was payable within ninety (90) days after the plaintiff remarried or when the house was sold. Thus, upon the marriage of the present parties, the defendant used his savings certificates valued at approximately $35,000, as collateral to borrow $10,000 of the funds necessary to discharge the lien. The other $7,000 was borrowed from his credit union.

The major dispute between the parties is whether, and to what extent, the defendant acquired an interest in the plaintiff's home by discharging the lien. The defendant claims that the parties had agreed that, in discharging the lien, the defendant was purchasing one-half of the equity in the property, which equity at the time of the divorce was approximately $58,000. The plaintiff, on the other hand, contends that no such agreement existed and that the defendant acquired absolutely no interest in her house. After hearing the evidence, the trial court entered its findings of fact which included findings that the defendant did not purchase a half interest in the plaintiff's house, but rather, only purchased the interest or "position" of the plaintiff's ex-husband in the house. The trial court made further findings that the defendant's interest amounted to only $7,000, because approximately $10,000 of the loan used to discharge the lien had been repaid through the joint efforts of both parties. Based on these findings of fact, the trial court granted the defendant a lien on the plaintiff's house. The terms and conditions of this lien are identical to those contained in the lien held by the plaintiff's ex-husband,

namely that it would be repaid within three months of the plaintiff's remarriage or the sale of the house.

Furthermore, based on the plaintiff's testimony and evidence proffered by the plaintiff's counsel, the trial court ordered the defendant to pay the attorney's fees of $1,000 incurred by the plaintiff. In lieu of a cash payment, however, the trial court cancelled a $1,000 debt owed the defendant by the plaintiff.

In this case, it appears from a review of the record that the trial court attempted as nearly as possible to return these parties to the position that they occupied prior to the marriage, and to account in some equitable fashion for the disparity in their earning capacity. The plaintiff argued at trial that the parties should retain the property that they owned prior to the marriage, that her evidence showed that $15,000 in assets was acquired during the marriage and that those assets should be divided equally. In addition, she acknowledged that she owed the defendant approximately $7,000, consisting of a $1,000 cash loan and the unpaid balance of $6,000 of the money he had put into the house. The plaintiff asked the court to offset her half of the marital assets against the money she felt she owed the defendant, which she computed as being a little over $800. However, as indicated earlier, the defendant claimed that the plaintiff owed him one-half of the equity in the house, or $29,000. The court rejected both theories, divided some of the joint assets, awarded others to the defendant, and ordered a repayment to the defendant of the $7,000, but only when the plaintiff remarries or the house is sold.

In order to reverse the trial court's distribution of property in a divorce action, we must find that it "works such a manifest injustice or inequity as to indicate a clear abuse of discretion." *Turner v. Turner,* Utah, 649 P.2d 6 (1982). In light of the widely divergent theories and conflicting testimony at trial, we cannot say that it was an abuse of discretion for the court to resolve the differences between the parties as it did. The defendant received the major

tangible asset acquired during the marriage, a Sweetwater Time Share with a net approximate value of somewhere between $3,000 and $8,000. It may well be that the court intended to offset that award by permitting the plaintiff to "use" the defendant's $7,000 until remarriage or sale of the home. The court may also have relied on the wide disparity between the parties' incomes and determined that the defendant was better able to sustain the temporary unavailability of those funds. In any case, the record does not demonstrate that any manifest injustice has occurred in this case which would require a finding of an abuse of discretion.

Likewise, an award of attorney's fees rests within the sound discretion of the trial court. *See Sears v. Riemersma,* Utah, 655 P.2d 1105, 1982. There is ample evidence in the record on which the fee in this case was based, and therefore, we find no grounds for overturning the award. Thus, we affirm the trial court on both issues. No costs awarded.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.